UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FIRST TIME VIDEOS LLC
Plaintiff

CASE NO. 10cv6254

v.

**FILED**
11-29-2010
NOV 29 2010

DOES 1-500

Defendants

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION TO QUASH SUBPOENAS

I respectfully request that this Court quash the subpoenas purportedly served upon Charter Communications, Inc..

As grounds therefore, I live in the state of California and am located more than 100 miles from this Court. Additionally, I received notification of subpoena on the evening of Friday, November 12, 2010. I have not received ample time to respond.

Finally, and most importantly, the subpoena requires disclosure of my personal information. I live in an apartment building and do not have an encrypted router. Any neighbor by virtue of proximity can gain unpermitted access to my router and use it to access the Plaintiffs site, all without my consent or knowledge.

Concluding, the subpoenas must be quashed because they violate the geographic limitations and they impose an undue burden on my constitutional rights to privacy.

Respectfully submitted,

Joel Shapiro

250 W. Ocean Blvd
#1615
Long Beach, CA 90802

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| FIRST TIME VIDEOS, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-06254 |
| DOES 1 - 500 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Charter Communications c/o CSC Lawyers Incorporating Service Company, 221 Bolivar St., Jefferson City, MO 65101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what that preferred format is.

| Place: Steele Law Firm, LLC<br>161 N Clark St. Ste. 4700<br>Chicago, IL 60601 | Date and Time:<br><br>11/25/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___10/15/2010___

*CLERK OF COURT*

OR

_____     /s/ John Steele
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* FIRST TIME VIDEOS, LLC
_____, who issues or requests this subpoena, are:

John Steele, Steele Law Firm LLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, john@steele-law.com; 312-893-5888

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FIRST TIME VIDEOS LLC )
) CASE NO.: 10 C 6254
Plaintiff, )
) 10CV6254
v. )
) Judge:
) Magistrate Judge:
DOES 1 – 500 )
)
Defendants. ) EXPEDITED HEARING REQUESTED
)
)

## ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
## FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has reviewed all the papers filed in connection with the Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and considered the sworn declaration and issues raised therein, including the relevant privacy issues and the unique aspects of BitTorrent protocol-based copyright infringement.

ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference is granted; it is further

ORDRED that Plaintiff is allowed to serve immediate discovery on the Internet service providers (ISPs) listed in <u>Exhibit A</u> to the Complaint filed in this matter to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses; it is further

ORDERED that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declaration and Motion, or identified as providing network access or online services to one or more Doe Defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time access to a torrent swarm by such IP address was made for the purpose of downloading an unlawful copy of the Plaintiff's copyrighted creative works. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, current (and permanent) addresses, telephone number, e-mail address, and Media Access Control Address; it is further

ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of Internet services to one of the Doe Defendants; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED any ISP which receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 subpoena or for IP addresses which are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers; it is further

2

ORDERED that any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP; it is further

ORDERED that if the ISP and/or any Defendant wish to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further

ORDERED that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

ORDERED that Plaintiff shall provide each ISP with a copy of this Order.

Dated: 10-7-10

_____
United States District Judge

**⁊ Charter™**

Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

### IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY

November 9, 2010

<u>*OBJECTION DEADLINE*</u>

# November 23, 2010 4:00 pm CT

**RE:** *First Time Videos, LLC v. Does 1-500*, Case No. 1:10-cv-06254
Court Order Demanding Identifying Information About Your Charter Account

Dear **JOEL SHAPIRO**:

Charter has received a subpoena from attorneys for First Time Videos, LLC ("First Time") seeking certain identifying information about your Charter internet account ("Account"), including your name, address(es), telephone number(s), email address(es) and modem MAC address. The District Court for the Northern District of Illinois ("Court") has issued an Order compelling Charter to disclose this information relating to your Charter Account unless you formally oppose disclosure in the Court <u>by the objection deadline stated above</u>. Copies of the court order and subpoena are attached.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the listed date and time. Below is a copy of the log that associates the IP address with your Account.

Format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time
71.93.210.243 00:1f:3a:1c:69:e4 00:16:b6:c1:88:96 2010-06-09 17:10:20 2010-11-01 13:41:37

Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes First Time to obtain this information, Charter must disclose these records.

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. Charter must be notified of an objection no later than the objection deadline stated above. If you intend to oppose the order, you should do so without delay. The court is identified in the subpoena and court order.

If you file an opposition to the order, you or your attorney should provide a copy of such to Charter (to the attention of Kelly Starkweather via facsimile at 314-909-0609) by **the objection deadline stated above** so that Charter may withhold disclosure of your information. **PLEASE NOTE THAT AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT.**

Questions regarding your legal rights should be directed to the attorney of your choice. If you or your attorney has questions regarding the subpoena itself, you should contact the requestor directly. If you have any questions regarding your Account, Charter's policies or this correspondence, the named accountholder may call Charter's Security Department directly at 866-228-0195. Please have this letter in hand if you call as you may be asked to verify some of the information in it.

Sincerely,

**Charter Communications, Inc.**

Enclosures