FILED
12-9-2010
DEC - 9 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST TIME VIDEO, LLC ) | CASE NO. 10-cv-06254 |
| ) | |
| Plaintiff, ) | **SPECIAL APPEARANCE AND** |
| ) | **MOTION TO QUASH SUBPOENA** |
| v. ) | |
| ) | 10cv6254 |
| DOES 1-500, ) | |
| ) | Judge: Hon. Ruben Castillo |
| Defendants. ) | |

COMES NOW Defendant Doe (name withheld)[1] by and through the undersigned counsel, and hereby enters a special appearance and to move to quash the subpoena issued by Plaintiff to Comcast seeking confidential information relating to certain Internet Protocol ("IP") addresses. A copy of the subpoena is attached hereto as Exhibit A.

For all of the reasons set forth in the Memorandum of Points and Authorities submitted herewith, Defendant Doe hereby requests that this Court quash the attached subpoena.

Respectfully submitted,

*[signature]*

Albert Ettinger (IL Bar # 312045)
53 W. Jackson #1664
Chicago, Il 60604
Tel. (773) 818-4825
Email: ettinger.albert@gmail.com

---

[1] Defendant Doe is identified in the subpoena issued by Plaintiff to Comcast by reference to the following Internet Protocol ("IP") address: 98.232.188.168. *See* Ex. A (attached), and specially appears to quash said subpoena, without waiving any jurisdictional issues or defenses.

| | |
|---|---|
| FIRST TIME VIDEO, LLC ) | CASE NO. 10-cv-06254 |
| ) | |
| Plaintiff, ) | **SPECIAL APPEARANCE AND** |
| ) | **MOTION TO QUASH SUBPOENA** |
| v. ) | |
| ) | FILED |
| DOES 1-500, ) | 12-9-2010 |
| ) | Judge: Hon. Ruben Castillo    DEC - 9 2010 |
| Defendants. ) | |

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Doe (name withheld) specially appears in this action solely for the purpose of moving to quash the subpoena issued by Plaintiff First Time Videos, LLC to service provider Comcast Cable in this action, a copy of which is attached hereto as Exhibit A. Defendant Doe is a resident of the State of Oregon, and was notified by Comcast Cable, that said subpoena was issued by Plaintiff to Comcast, with reference to the following Internet Protocol ("IP") address: 98.232.188.168. *See* Ex. A (attached).

Defendant Doe (name withheld) has at no time undertaken or otherwise participated in any unauthorized copyright infringement that is alleged against Does 1-500 in the Complaint filed by Plaintiff in this action[2] and hereby objects to the subpoena issued by Plaintiff in this action on the grounds that Plaintiff has: (1) failed to allege or otherwise demonstrate a basis for this Court's jurisdiction as to Defendant Doe as to the claims presented in this action, (2) provided no basis for the joinder of 500 Doe Defendants in this action as to allegations of distinct and separate claims, without any showing that said actions arise from a single transaction or a series of closely related transactions, and (3) failed to demonstrate a basis for overcoming the constitutionally protected

---

[2] On October 1, 2010, this Court dismissed without prejudice the Complaint filed by Plaintiff in this action (Court Doc 10), and Plaintiff has not filed an amended pleading to date.

rights of Defendant Doe to protect anonymous speech in the context of the discovery sought in this action.

Plaintiff First Time Video, LLC is presumably keenly aware that the subject matter of this action, involving the pornographic "artistic expression" that it creates, has potential to cause significant public embarrassment and reputation damages to Defendant Doe (and the other Doe Defendants in this action) by merely being named in this action, even if it is subsequently established that Defendant Doe was mistakenly or otherwise improperly identified by the Plaintiff as to the claims which are presented in this action.

The procedural safeguards of jurisdiction, joinder and the qualified privilege afforded to protect anonymous speech are extremely important, and particularly so in cases like the present action, where Plaintiff can easily leverage the potential embarrassment and reputation damages, and the costs of engaging in federal court litigation in a jurisdiction thousands of miles away from Doe's residence (Oregon) in order to intimidate a settlement from parties such as Defendant Doe, who have undertaken no unlawful or unauthorized actions whatsoever as to the distribution or copyright infringement of Plaintiff's "entertainment" products.

I. Plaintiff Has Failed to Establish Personal Jurisdiction as to Defendant Doe in this Action

Defendant Doe is specially appearing in this action to move to quash the present subpoena which said defendant received from Comcast Cable, *see* Ex. A (attached herewith), as Plaintiff has presented no basis for personal jurisdiction as to Defendant Doe by this Court, and consequently, there is no basis for this Court to authorize or otherwise enforce the discovery that Plaintiff seeks about or from Defendant Doe in this action. *See e.g. Clemens v. McNamee*, 615 F.3d 374, 378 (10th Cir. 2010) (holding that a plaintiff bears the burden of establishing personal jurisdiction, and must at least make a *prima facie* showing of facts sufficient to establish personal jurisdiction); *see*

*also Fielding v. Hubert Burda Media*, 415 F.3d 419, 429 (5th Cir. 2005) (discovery should be allowed only if "plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite [jurisdictional] contacts").

More specifically, in order for Plaintiff to establish that this Court has jurisdiction as to Defendant Doe (as a non-consenting non-resident defendant) in this action, they must submit evidence demonstrating (1) that Defendant Doe has minimum contacts with this forum, and (2) that requiring Defendant Doe to defend its interests in this jurisdiction does not offend traditional notions of fair play and substantial justice. *See e.g. International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985).

Plaintiff has not alleged or otherwise presented a basis for this Court to exercise personal jurisdiction as to Defendant Doe, who resides in the State of Oregon, and instead, asserts jurisdiction solely on the basis of identifying IP addresses allegedly associated with Defendant Doe, with no allegations or evidence that said Defendant has ever caused any copyright infringement in this state.[3] Plaintiff has clearly not met its *prima facie* burden as to demonstrating this Court's jurisdiction over Defendant Doe in the present action.

Under these circumstances, Defendant Doe cannot be required to participate in litigation

---

[3] Federal Courts have squarely rejected the argument that because internet access now allows for broad sharing of information to residents in every state, a person undertaking activities via internet can be sued anywhere in the United States, *see ALS Scan v. Digital Service Consultants*, 293 F.3d 707, 717-713 (4th Cir. 2002), and have instead held that personal jurisdiction based upon internet use requires plaintiff to have evidence that a defendant has (1) directed electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) the defendant's activity creates, in a person within the State, a potential cause of action recognized in the State's courts, and that merely placing information onto the internet does not subject a party to jurisdiction in every State where the internet's electronic signals are transmitted or received.. *Id.* at 714.

thousands of miles from his home venue, and to secure counsel from across the country, where he has limited contacts. In the absence of a showing of this Court's jurisdiction as to this Doe Defendant, this subpoena must be denied.

II. <u>Plaintiff Has Improperly Joined Doe Defendants In One Action For Unrelated Acts</u>

In this action, Plaintiff First Time Video has attempted to join five hundred different John Doe parties into a single court action, with no attempt to establish any link or common transactional nexus for its claims against said defendants.

This mass-joinder of parties is clearly inconsistent with the requirements of Federal Rule of Civil Procedure 20, which expressly provides:

> Persons . . . may be joined in one action as defendant if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out fo the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ. Proc. 20.

In another copyright infringement action involving quite similar allegations of computer download and distribution issues, the federal court for the Eastern District of Pennsylvania explained that it was necessary to sever mass joinder of Doe Defendants, explaining that:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of the Defendants.

*BMG Music v. Does 1-203*, 2004 WL 953888 at *1 (E.D. Pa) (April 2, 2004).

Numerous other federal courts have similarly rejected attempts at mass-joinder of Defendants with insufficient evidence of common transactional connection to the claims presented in the action by expressly indicating that separate actions are required under those circumstances.

For example, in *LaFace Records, LLC v. Does 1-38*, No. 5:07 CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the Court ordered severance against thirty-eight defendants where each defendant used the same ISP and networks to commit the same violation of law. The Court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2.

In the present action, Plaintiff filed an overly broad action, directed at parties having no apparent connection or common transactional nexus, and on that basis, the Complaint in this action was already dismissed by this Court. *See* Court Doc. # 10. However, Plaintiff is now attempting to still use that dismissed pleading as a platform to support a fishing expedition of highly intrusive and overly broad discovery directed at parties, such as Defendant Doe in Oregon, without there being any evidence whatsoever of any connection between the numerous Defendants as to any common transaction(s) at issue in this action.

As a result, Defendant Doe's rights and ability to effectively defend against Plaintiff's highly invasive discovery campaign is placed at a significant disadvantage, as all of his procedural actions in response to this discovery are currently lumped together with the entirely unrelated factual circumstances that may apply to the hundreds of other Doe Defendants in this action.

This court should sever each of the Defendants in this action, absent Plaintiff at least demonstrating, with some measure of evidence, a common transactional nexus as between the various Doe Defendants, and should deny authorizing the present subpoena, so that Defendant Doe will not be required to commit substantial financial resources and time in a court action occurring thousands of miles from his jurisdictional venue, based upon entirely

unrelated actions of other parties to whom this Defendant has had no contact, nor transactional connection as to any of the issues presented in this action.

### III. Plaintiff's Discovery Subpoena Is Inconsistent With First Amendment Safeguards Anonymous Communications

Plaintiff's Subpoena is also not supported by a sufficient factual or legal basis that is required to pierce the rights of Defendant Doe to maintain anonymous communications, including his right to maintain anonymous as to his communications undertaken via the internet. *See e.g. Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp 2d 556, 565 (S.D. N.Y. 2004). The United States Supreme Court has observed that the right to maintain anonymous speech is a vital component of the First Amendment of the Constitution, which can serve as a necessary protective shield to protect unpopular views and unpopular individuals from retaliation at the hand of an intolerant society. *See e.g. McIntre v. Ohio Elections Commission*, 514 U.S. 334, 357 (1995).

Federal Courts have a duty to consider the qualified privilege of protecting anonymous communications before authorizing discovery that would negate the right to otherwise maintain anonymous, which requires application of a balancing test prior to disclosing the identity of an anonymous party via discovery procedures. *Id. See also Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (citing *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977)). However, in the present action, Plaintiff has not provided even a *prima facie* showing that Defendant Doe has actually infringed upon Plaintiff's copyrighted work. Plaintiff has merely alleged that they have identified a log of IP addresses that allegedly correspond to a "torrent file swarm." *See* Plaintiff's Complaint ¶ 19. They have presented no evidence to even

remotely establish that Defendant Doe was in fact involved in any respect in the infringement of Plaintiff's copyrights (because Defendant Doe was not in fact involved in such activities). Particularly in light of the significant stigma associated with Plaintiff's brand of "artistic expression," there is a far greater degree of harm to Defendant Doe by maintaining his constitutional right to remain anonymous, absent there being at least a colorable showing of evidence that even remotely supports the Plaintiff's allegations as to there being any actual unauthorized or unlawful actions by Defendant Doe, as opposed to actions by any of the other Defendants in the present action.

### 4. Conclusion

Plaintiff has not met its burden of demonstrating any basis for personal jurisdiction as to Defendant Doe (or the other Doe Defendants) in this action by showing a connection with this jurisdiction for the copyright claims asserted. Moreover, Plaintiff's overly broad complaint, and similarly overly broad discovery is directed at hundreds of individuals, including Defendant Doe, with no showing whatsoever of any associated common transaction to support joinder of distinct claims. It appears that Plaintiff is seeking to use the present action as a platform for a nation-wide fishing expedition with the potential to cause significant invasion of privacy and significant damage to the reputations of all of the individuals whose identities would be revealed via the present subpoena. The damage to the reputation of these individuals would result from merely being named, even if they are not in any respect involved with the copyright infringement issues at issue. In the absence of any material evidence of wrongdoing by Defendant Doe, there are constitutional rights to maintain anonymous, and to shield said Defendant's identity from Plaintiff First Time Video, Inc to use this information as a vehicle to threaten to embarrass and cause damage to Defendant Doe's reputation in the community as an effective leverage to try to force

settlement of claims in the absence of any improper or unlawful conduct. Defendant Doe therefore requests that the Court quash the subpoena directed to Comcast Cable seeking to identify all of the persons whose IP addresses are attached to said subpoena in this action.

Respectfully submitted,

*/s/ Albert Ettinger*

Albert Ettinger (IL Bar # 312045)
53 W. Jackson #1664
Chicago, Il 60604
Tel. (773) 818 4825
Email: ettinger.albert@gmail.com

10/19/2010 17:09 FAX 215 640 7017        COMCAST BUSINESS COMMUNI              ☒003

From: John Steele    Fax: +1 (312) 893-5888    To: Subpoena Compliance  Fax: +1 (886) 947-5587    Page 3 of 26 10/15/2010 9:46

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

FIRST TIME VIDEOS, LLC )
_Plaintiff_ )
v. ) Civil Action No. 1:10-cv-06254
DOES 1 - 500 )
) (If the action is pending in another district, state where:
_Defendant_ ) )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Attn: Subpoena Compliance, Fax no. 886-947-5587

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what that preferred format is.

| Place: Steele Law Firm, LLC<br>161 N Clark St. Ste. 4700<br>Chicago, IL 60601 | Date and Time:<br>11/25/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __10/15/2010__

CLERK OF COURT
                                    OR
_____              /s/ John Steele
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ FIRST TIME VIDEOS, LLC
_____, who issues or requests this subpoena, are:

John Steele, Steele Law Firm LLC, 161 N Clark St. Ste. 4700, Chicago, IL 60601, john@steele-law.com;
312-893-5888

Exhibit __A__

Page __1__ of __5__

SUBPOENA ATTACHMENT

The times listed below are in Central Standard Time

| IP | ISP | Date/Time (CST) |
|---|---|---|
| 24.18.189.172 | Comcast Cable | 9/19/10 3:54 AM |
| 24.30.110.31 | Comcast Cable | 9/19/10 4:02 AM |
| 24.6.61.62 | Comcast Cable | 9/19/10 4:02 AM |
| 174.54.207.12 | Comcast Cable | 9/19/10 6:57 AM |
| 24.126.144.71 | Comcast Cable | 9/19/10 8:52 AM |
| 76.24.99.108 | Comcast Cable | 9/19/10 9:47 AM |
| 71.56.228.67 | Comcast Cable | 9/19/10 1:53 PM |
| 69.140.162.127 | Comcast Cable | 9/19/10 1:59 PM |
| 67.173.71.35 | Comcast Cable | 9/19/10 1:59 PM |
| 98.201.48.77 | Comcast Cable | 9/19/10 1:59 PM |
| 24.17.202.45 | Comcast Cable | 9/19/10 1:59 PM |
| 24.125.210.109 | Comcast Cable | 9/19/10 2:00 PM |
| 67.175.228.173 | Comcast Cable | 9/19/10 2:04 PM |
| 75.73.194.137 | Comcast Cable | 9/19/10 2:09 PM |
| 24.62.12.81 | Comcast Cable | 9/19/10 2:09 PM |
| 71.205.156.51 | Comcast Cable | 9/19/10 10:29 PM |
| 98.230.188.185 | Comcast Cable | 9/19/10 10:29 PM |
| 67.190.33.233 | Comcast Cable | 9/19/10 10:40 PM |
| 76.170.88.65 | Comcast Cable | 9/19/10 10:46 PM |
| 76.23.173.29 | Comcast Cable | 9/19/10 10:59 PM |
| 98.210.67.68 | Comcast Cable | 9/19/10 11:02 PM |
| 98.234.105.156 | Comcast Cable | 9/19/10 11:02 PM |
| 67.176.241.18 | Comcast Cable | 9/19/10 11:02 PM |
| 24.10.155.152 | Comcast Cable | 9/19/10 11:15 PM |
| 24.130.72.245 | Comcast Cable | 9/19/10 11:17 PM |
| 98.216.9.157 | Comcast Cable | 9/19/10 11:32 PM |
| 76.90.250.243 | Comcast Cable | 9/19/10 11:32 PM |
| 68.80.205.167 | Comcast Cable | 9/19/10 11:34 PM |
| 71.204.164.171 | Comcast Cable | 9/20/10 12:22 AM |
| 68.83.5.128 | Comcast Cable | 9/20/10 12:27 AM |
| 24.20.147.134 | Comcast Cable | 9/20/10 12:42 AM |
| 98.247.45.157 | Comcast Cable | 9/20/10 12:52 AM |
| 76.171.105.203 | Comcast Cable | 9/20/10 12:57 AM |
| 98.208.40.218 | Comcast Cable | 9/20/10 1:02 AM |
| 76.121.222.232 | Comcast Cable | 9/20/10 1:07 AM |
| 98.245.172.19 | Comcast Cable | 9/20/10 4:12 AM |
| 68.44.227.201 | Comcast Cable | 9/20/10 4:12 AM |
| 24.18.103.161 | Comcast Cable | 9/20/10 6:22 AM |
| 98.214.227.140 | Comcast Cable | 9/20/10 2:28 PM |

Exhibit __A__

Page __2__ of __5__

Case: 1:10-cv-06254 Document #: 16 Filed: 12/09/10 Page 12 of 15 PageID #:103
10/19/2010 17:10 FAX 215 640 7017    COMCAST BUSINESS COMMUNI                    ☒005

From: John Steele     Fax: +1 (312) 893-5604     To: Subpoena Compliance   Fax: +1 (866) 947-8887     Page 3 of 28 10/19/2010 1:46

## SUBPOENA ATTACHMENT

The times listed below are in Central Standard Time

| IP Address | Provider | Date/Time |
|---|---|---|
| 98.247.126.73 | Comcast Cable | 9/20/10 2:31 PM |
| 174.51.62.198 | Comcast Cable | 9/20/10 2:42 PM |
| 24.16.139.188 | Comcast Cable | 9/20/10 2:42 PM |
| 76.169.153.148 | Comcast Cable | 9/20/10 2:44 PM |
| 68.58.137.156 | Comcast Cable | 9/20/10 2:44 PM |
| 98.196.69.216 | Comcast Cable | 9/20/10 2:44 PM |
| 76.124.148.5 | Comcast Cable | 9/20/10 2:44 PM |
| 71.59.204.42 | Comcast Cable | 9/20/10 2:50 PM |
| 24.2.81.16 | Comcast Cable | 9/20/10 2:55 PM |
| 98.247.235.241 | Comcast Cable | 9/20/10 2:56 PM |
| 66.30.61.116 | Comcast Cable | 9/20/10 3:28 PM |
| 98.233.125.200 | Comcast Cable | 9/20/10 3:35 PM |
| 98.195.63.252 | Comcast Cable | 9/20/10 4:06 PM |
| 69.143.104.35 | Comcast Cable | 9/20/10 4:41 PM |
| 98.213.113.40 | Comcast Cable | 9/20/10 5:07 PM |
| 75.73.209.201 | Comcast Cable | 9/20/10 5:12 PM |
| 98.222.192.191 | Comcast Cable | 9/20/10 5:32 PM |
| 98.237.253.209 | Comcast Cable | 9/20/10 5:47 PM |
| 98.222.193.156 | Comcast Cable | 9/20/10 6:00 PM |
| 98.229.142.245 | Comcast Cable | 9/20/10 6:57 PM |
| 98.221.84.9 | Comcast Cable | 9/20/10 7:01 PM |
| 67.170.96.164 | Comcast Cable | 9/20/10 7:01 PM |
| 68.30.79.63 | Comcast Cable | 9/20/10 7:07 PM |
| 71.196.147.11 | Comcast Cable | 9/20/10 7:07 PM |
| 24.99.255.154 | Comcast Cable | 9/20/10 7:07 PM |
| 98.219.225.123 | Comcast Cable | 9/20/10 7:12 PM |
| 98.196.132.73 | Comcast Cable | 9/20/10 7:12 PM |
| 76.170.85.9 | Comcast Cable | 9/20/10 7:16 PM |
| 98.222.134.105 | Comcast Cable | 9/20/10 7:16 PM |
| 68.58.241.188 | Comcast Cable | 9/20/10 7:22 PM |
| 24.130.24.224 | Comcast Cable | 9/20/10 9:38 PM |
| 67.180.148.253 | Comcast Cable | 9/20/10 9:48 PM |
| 76.97.18.234 | Comcast Cable | 9/20/10 10:02 PM |
| 67.180.51.252 | Comcast Cable | 9/20/10 10:02 PM |
| 98.229.8.138 | Comcast Cable | 9/20/10 10:02 PM |
| 76.116.145.89 | Comcast Cable | 9/20/10 10:03 PM |
| 67.164.34.198 | Comcast Cable | 9/20/10 10:08 PM |
| 67.162.219.241 | Comcast Cable | 9/20/10 10:12 PM |
| 24.1.137.215 | Comcast Cable | 9/20/10 10:12 PM |
| 71.58.97.206 | Comcast Cable | 9/20/10 10:12 PM |

Exhibit A

Page 3 of 5

From: John Steele    Fax: +1 (312) 893-5604    To: Subpoena Compliance  Fax: +1 (866) 947-5687    Page 6 of 76 10/19/2010 9:45

## SUBPOENA ATTACHMENT

The times listed below are in Central Standard Time

| IP | Provider | Date/Time |
|---|---|---|
| 75.70.117.29 | Comcast Cable | 9/20/10 10:53 PM |
| 98.232.188.168 | Comcast Cable | 9/20/10 11:13 PM |
| 98.237.101.40 | Comcast Cable | 9/21/10 1:28 AM |
| 98.243.71.27 | Comcast Cable | 9/21/10 7:55 AM |
| 24.9.100.135 | Comcast Cable | 9/21/10 8:10 AM |
| 66.41.244.47 | Comcast Cable | 9/21/10 8:19 AM |
| 69.140.220.239 | Comcast Cable | 9/21/10 8:26 AM |
| 76.117.2.54 | Comcast Cable | 9/21/10 8:35 AM |
| 67.170.124.201 | Comcast Cable | 9/21/10 8:35 AM |
| 67.167.98.71 | Comcast Cable | 9/21/10 8:56 AM |
| 24.8.252.205 | Comcast Cable | 9/21/10 9:03 AM |
| 71.197.140.226 | Comcast Cable | 9/21/10 9:36 AM |
| 24.5.120.65 | Comcast Cable | 9/21/10 7:38 PM |
| 69.244.211.83 | Comcast Cable | 9/21/10 7:38 PM |
| 24.5.103.104 | Comcast Cable | 9/21/10 7:38 PM |
| 98.195.123.0 | Comcast Cable | 9/21/10 7:39 PM |
| 71.231.100.186 | Comcast Cable | 9/21/10 7:45 PM |
| 24.61.40.132 | Comcast Cable | 9/21/10 7:45 PM |
| 24.13.106.118 | Comcast Cable | 9/21/10 7:48 PM |
| 76.29.83.243 | Comcast Cable | 9/21/10 7:48 PM |
| 24.20.121.150 | Comcast Cable | 9/21/10 7:48 PM |
| 68.33.117.108 | Comcast Cable | 9/21/10 7:50 PM |
| 76.121.18.193 | Comcast Cable | 9/21/10 7:50 PM |
| 76.112.222.42 | Comcast Cable | 9/21/10 7:54 PM |
| 68.63.15.187 | Comcast Cable | 9/21/10 7:56 PM |
| 76.121.182.124 | Comcast Cable | 9/21/10 8:05 PM |
| 71.75.6.56 | Comcast Cable | 9/21/10 8:08 PM |
| 67.161.252.73 | Comcast Cable | 9/21/10 8:09 PM |
| 68.43.246.212 | Comcast Cable | 9/21/10 8:09 PM |
| 68.61.149.86 | Comcast Cable | 9/21/10 8:20 PM |
| 69.253.171.165 | Comcast Cable | 9/21/10 8:55 PM |
| 76.106.169.43 | Comcast Cable | 9/21/10 9:00 PM |
| 71.197.176.170 | Comcast Cable | 9/21/10 9:05 PM |
| 71.233.85.87 | Comcast Cable | 9/21/10 9:10 PM |
| 71.238.29.24 | Comcast Cable | 9/21/10 9:25 PM |
| 24.2.181.229 | Comcast Cable | 9/21/10 9:30 PM |
| 71.228.127.155 | Comcast Cable | 9/21/10 9:31 PM |
| 24.21.241.216 | Comcast Cable | 9/21/10 9:35 PM |
| 98.250.217.118 | Comcast Cable | 9/21/10 10:30 PM |
| 76.25.216.64 | Comcast Cable | 9/21/10 10:35 PM |

Exhibit A

Page 4 of 5

10/19/2010 17:11 FAX 215 640 7017    COMCAST BUSINESS COMMUNI    ☒007

From: John Steele    Fax: +1 (312) 873-6604    To: Subpoena Compliance  Fax  +1 (866) 947-5587    Page 7 of 26 10/19/2010 1:46

## SUBPOENA ATTACHMENT

The times listed below are in Central Standard Time

| IP Address | Provider | Date/Time |
|---|---|---|
| 71.196.133.136 | Comcast Cable | 9/21/10 11:20 PM |
| 24.63.61.152 | Comcast Cable | 9/22/10 12:45 AM |
| 69.143.41.116 | Comcast Cable | 9/22/10 1:20 AM |
| 24.15.109.1 | Comcast Cable | 9/22/10 7:16 AM |
| 71.61.228.181 | Comcast Cable | 9/22/10 7:17 AM |
| 76.169.66.130 | Comcast Cable | 9/22/10 7:18 AM |
| 68.38.232.12 | Comcast Cable | 9/22/10 7:18 AM |
| 76.30.198.100 | Comcast Cable | 9/22/10 7:18 AM |
| 68.62.80.114 | Comcast Cable | 9/22/10 7:18 AM |
| 76.112.204.117 | Comcast Cable | 9/22/10 7:19 AM |
| 65.96.117.59 | Comcast Cable | 9/22/10 7:19 AM |
| 76.108.98.30 | Comcast Cable | 9/22/10 7:26 AM |
| 98.210.236.208 | Comcast Cable | 9/22/10 7:26 AM |
| 71.235.93.93 | Comcast Cable | 9/22/10 7:26 AM |
| 69.180.0.30 | Comcast Cable | 9/22/10 7:26 AM |
| 71.205.25.199 | Comcast Cable | 9/22/10 7:51 AM |
| 67.171.95.236 | Comcast Cable | 9/22/10 8:12 AM |
| 71.192.150.142 | Comcast Cable | 9/22/10 8:16 AM |
| 98.148.4.248 | Comcast Cable | 9/22/10 8:21 AM |
| 24.17.72.143 | Comcast Cable | 9/22/10 9:41 AM |
| 67.166.33.156 | Comcast Cable | 9/22/10 9:41 AM |
| 71.239.83.180 | Comcast Cable | 9/22/10 10:11 AM |
| 98.209.16.120 | Comcast Cable | 9/22/10 10:26 AM |
| 76.29.41.22 | Comcast Cable | 9/22/10 10:46 AM |
| 71.230.107.147 | Comcast Cable | 9/22/10 11:01 AM |
| 67.174.111.32 | Comcast Cable | 9/22/10 11:19 AM |
| 98.245.117.100 | Comcast Cable | 9/22/10 11:26 AM |
| 76.19.192.53 | Comcast Cable | 9/25/10 9:02 AM |
| 68.55.101.199 | Comcast Cable | 9/25/10 9:05 AM |
| 98.206.90.10 | Comcast Cable | 9/25/10 9:06 AM |
| 76.121.16.172 | Comcast Cable | 9/25/10 9:06 AM |
| 75.72.61.48 | Comcast Cable | 9/25/10 9:08 AM |
| 98.247.100.182 | Comcast Cable | 9/25/10 9:08 AM |
| 71.195.84.61 | Comcast Cable | 9/25/10 9:14 AM |
| 67.173.22.69 | Comcast Cable | 9/25/10 10:57 AM |
| 67.184.52.147 | Comcast Cable | 9/25/10 11:02 AM |
| 75.70.215.5 | Comcast Cable | 9/25/10 11:17 AM |
| 98.204.137.191 | Comcast Cable | 9/25/10 11:27 AM |
| 69.253.52.239 | Comcast Cable | 9/25/10 11:42 AM |

Exhibit ___A___

Page __5__ of __5__

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Quash Subpoena was filed with the Clerk of Court and served on the parties of record on December 9, 2010 by first class mail sent to:

John Steele
Steele Hansmeier PLLC
161 North Clark Street
Suite 4700
Chicago, IL 60601

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802
Pro Se

And was hand- delivered to:

David T. Grisamore
53 W Jackson Blvd., Ste. 1643
Chicago, IL 60604
Attorney for John Doe

Albert Ettinger (IL Bar # 312045)