**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-062541 |
| Plaintiff, | Judge: Hon. Ruben Castillo |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| DOES 1 – 500 | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO QUASH** |
| Defendants. | |

Two anonymous parties, Does 147 and 168, moved this Court to quash Plaintiff's subpoena for lack of personal jurisdiction. One of the parties, Doe 168, also argues that the Court should sever each of the defendants in this action and that he has a First Amendment right to anonymity. Because the Court already dismissed the complaint without prejudice to a proper amended complaint with named individual defendants almost two months ago, Doe 168's request to sever is moot. And even if the Court is willing to entertain motions from attorneys who fail to read its docket, these motions should still be dismissed because discussions of personal jurisdiction and joinder are not germane to the question of whether a subpoena should be quashed, and because the First Amendment does not provide a license for copyright infringement. Finally, Doe defendants should not be allowed to proceed anonymously because they failed to overcome – or even discuss – the burden of presumptive openness of judicial proceedings.

**PROCEDURAL HISTORY**

Plaintiff First Time Videos, LLC ("FTV") brought this copyright infringement suit against five hundred anonymous Defendants who illegally reproduced and distributed FTV's copyrighted works over the Internet. (Pl.'s Compl., Sept. 29, 2010). Defendants' actual names

1

are unknown to FTV. Instead, each Defendant is known to FTV only by an Internet Protocol ("IP") address, which is a number that is assigned to devices such as computers that are connected to the Internet. FTV also requested (Pl.'s Mot. to Expedite Disc., Sept. 29, 2010), and was granted, the Court's permission to take limited discovery to ascertain the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Oct. 7, 2010). As authorized by the Court's order, FTV issued subpoenas to Internet Service Providers ("ISPs") to identify parties associated with the IP addresses.

Upon review of the docket, the Court dismissed the complaint without prejudice to a proper amended complaint which names individual defendants. (Ct. Minute Order, Oct. 1, 2010). Nearly six weeks later, John Does identified by IP addresses 173.19.225.147 ("Doe 147") and 98.232.188.168 ("Doe 168") moved this Court to quash the subpoena based on lack of personal jurisdiction. (Special Appearance and Mot. to Quash Subpoena, Dec. 9, 2010; Mot. by John Doe 173.19.225.147 to Quash Subpoena, Dec. 15, 2010). Doe 168 also argues that the Court should sever each of the defendants in this action and that he has a First Amendment right to anonymity. FTV files this Memorandum of Law opposing both Defendants' motions to quash.

## LEGAL STANDARD

A person served with a subpoena may move for a protective order under Federal Rule of Civil Procedure 26(c). Under Rule 26(c), a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining whether a discovery request is oppressive or imposes an undue burden, a court must balance the party's need for the discovery against the potential hardship to the subject of the subpoena. *See Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 930–31 (7th Cir. 2004); *Thayer v. Chiczewski*, 257 F.R.D. 466, 469–470 (N.D. Ill., 2009). To determine whether there is an "undue

burden," a court examines such factors as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Silverman v. Motorola, Inc.*, No. 07-C-4507, 2010 WL 4659535, at *5 (N.D. Ill. June 29, 2010); *Thayer*, 257 F.R.D. at 469.

Alternatively, a person served with a subpoena may move to quash or modify the subpoena under Federal Rule of Civil Procedure 45(c)(3). As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2). Rule 45(e) further provides that failure to obey a subpoena without an adequate excuse may be deemed a contempt of court. The burden of persuasion on a motion for protective order or to quash is borne by the movant. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). Conclusory statements of hardship are not sufficient to carry this burden. *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007).

## ARGUMENT

Because neither Defendant addresses the basic requirements of a motion to quash, because the personal jurisdiction argument is both irrelevant and premature, because the joinder argument is both irrelevant and moot, and because the First Amendment does not provide a license for copyright infringement, the Court should deny both motions to quash. In addition, the Court should deny Doe defendants pseudonymous litigation because they failed to overcome the burden of presumptive openness of judicial proceedings.

I.    **Defendants' Arguments Do Not Address Requirements for a Motion to Quash**

Neither Doe defendant has requested a protective order or presented arguments recognized by Federal Rules of Civil Procedure in favor of quashing FTV's subpoena. In sum, the subpoena is not oppressive and does not impose an undue burden on these movants. Because the movants failed to meet their burden of persuasion, both motions should be denied in their entirety.

First, neither Defendant requested a protective order under Rule 26(c), nor would it be appropriate for the Court to issue one if they did. By applying the *Thayer* factors, it becomes obvious that FTV's need for the identifying information is great because without the identifying information it would literally be impossible for FTV to prosecute its claims, and the burden imposed on the movants is at best slight. FTV is seeking only limited information sufficient to identify each movant, and FTV will only use that information in this lawsuit. As is stated in the Court's Order, "any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint . . ." (Ct. Order, Oct. 7, 2010).

Second, assuming the Does do not want their information divulged to FTV because of privacy concerns, they have not provided any legal justification for why the information sought by FTV's subpoena is privileged or confidential. Doe 168 alludes to "significant invasion of privacy." (Doe Special Appearance and Mot. to Quash Subpoena, Dec. 9, 2010). Yet courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Giest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a

reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

As one court aptly noted, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

Defendants have failed to offer any legal justifications for quashing FTV's subpoena because they do not have any: they have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing copyrighted works without permission. They have also not claimed that the subpoena is unreasonable or oppressive, because it is not. It does not call for voluminous production of documents with questionable relevance; it simply requests basic information sufficient to identify each Defendant. Moreover, the subpoena, which was issued to third party ISP's, does not require any action on the part of movants. Accordingly, the Court should deny both motions to quash.

## II.    Defendants' Arguments on Personal Jurisdiction are Premature

Another basis for both Does' motions to quash is a lack of personal jurisdiction. Neither Doe has attempted to describe a conceptual link between the legal standard applicable to motions

5

to quash and arguments relating to personal jurisdiction. Indeed, under the plain language of the Federal Rules of Civil Procedure, whether the Court has personal jurisdiction over the Does is completely irrelevant to the issue of whether FTV's subpoenas should be quashed. Moreover, the Does' arguments would be premature at this stage of the proceedings and fail for three reasons. First, the Court cannot determine with certainty whether there is a basis for personal jurisdiction without knowing Doe Defendants' identities and residences. This Court has discretion to allow discovery to determine the basis for personal jurisdiction and already has done exactly that. Second, jurisdiction is proper because unlawful distribution occurred in every jurisdiction in the United States, including this one. Finally, FTV has not yet taken any action to invoke the Court's jurisdiction over a defendant. Does' motions must be denied.

A.   **Basis for Jurisdiction Cannot be Determined with Certainty without Discovery from ISPs**

Without the identifying information sought by FTV in the subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants. This analysis requires an evaluation of the contacts between the various defendants and the forum state. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Several federal courts concluded that without identifying information from the ISPs and the analysis of these contacts, a holding that a personal jurisdiction is lacking at this stage of the proceedings is premature. *See, e.g.*, *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004); *Arista Records v. Does 1–100*, Order Denying Cox's Motion to Quash, No. 04-CV-2495-BBM (N.D. GA, Feb. 1, 2005). Further jurisdictional discovery is necessary before the question of personal jurisdiction can be broached.

This Court has the discretion to allow discovery to determine the basis for personal jurisdiction. *Black & Decker, Inc. v. Shanghai Xing Te Hao Industrial Co., Ltd.*, No. 02-C-4615,

2003 WL 21383325, at *4 (N.D. Ill., June 12, 2003) (giving plaintiff "a chance to probe further" by taking jurisdictional discovery) (citing *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3rd Cir. 1994) (reversing district court after concluding that plaintiff was "entitled to conduct discovery into the jurisdictional facts"); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'")). By entering its Order for Leave to Take Discovery (Ct. Order, Oct. 7, 2010), this Court has done just that—followed well-established precedent to sustain FTV's right to conduct jurisdictional discovery. *See Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) ("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) ("In an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery.").

**B.**     **This Court has Personal Jurisdiction Because Unlawful Distribution of FTV's Copyright Material Occurred in This District**

Although defendants' residency in Illinois would establish a basis for general personal jurisdiction, FTV is not asserting that personal jurisdiction is proper in this action by the virtue of Defendants' residences. Instead, FTV asserts that personal jurisdiction is proper "because each Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiffs have exclusive rights," and that "such unlawful distribution occurred in every jurisdiction in the United States, including this one." (Pl.'s Compl. ¶ 7). Although both Doe 147 and 168 argue that neither one of them resides in Illinois, the Court could still have jurisdiction over them because they specifically directed alleged infringing activities to the Northern District of Illinois by

7

downloading or uploading FTV's copyrighted work with another Doe Defendant based in this district.[1] And vice versa, Does 147 and 168 may have downloaded or uploaded FTV's copyrighted work from a non-moving, still unidentified Doe Defendant who is subject to the Court's jurisdiction. Because FTV has not yet received all of the identifying information on all of the Doe Defendants, it is premature to discuss personal jurisdiction at this time.

C. **FTV Has Not Yet Taken Any Action to Invoke Court's Jurisdiction Over Any Particular Defendant**

Finally, FTV has not taken any action to invoke Court's personal jurisdiction over any defendant and therefore any argument on personal jurisdiction should be delayed until the defendants are named in this suit and served with process. Until then, this argument is premature. One example of when a court refused to consider an argument based on lack of personal jurisdiction is *Webster Industries v. Northwood Doors*, 234 F. Supp. 2d 981 (N.D. Iowa 2002). There, a *named* defendant attempted to make a "special appearance" to contest service of process and jurisdiction based on an *attempted* service and a letter from plaintiff entitled "Notice of Intent to File Written Application for Default." *Id.* at 987–88. The court noted that plaintiffs have not taken any actions invoking court's personal jurisdiction over the defendant, such as seeking a default judgment. *Id.* at 988. Consequently, the court refused to entertain the merits of the defendant's motion to dismiss for lack of personal jurisdiction. *Id.*

Similarly here, FTV has not attempted to invoke the Court's personal jurisdiction over any particular Doe Defendant. FTV has not even named any Defendant or sought any action by the Court over any particular Doe Defendant. Rather, FTV has only requested limited discovery from third party ISPs. Upon receiving the information from the ISPs, FTV may or may not

---

[1] Doe 147 denies that he resides or works in the State of Illinois, or that he has any business or personal contacts with the state. (Decl. of John Doe 173.19.225.147). But curiously, Doe 147 does not deny engaging in copyright infringement activities in the State of Illinois by distributing FTV's copyrighted works.

choose to pursue its copyright infringement claims against either Doe 147 or 168. This decision is fully within FTV's discretion. If FTV elected to name Defendants and serve them with process, then the Court would be in an appropriate position to determine whether it is proper to continue in this jurisdiction, or whether transfer to another forum is in order. FTV may also choose to avoid any apparent jurisdictional issue by simply refiling the suit against the particular Doe Defendant in his applicable jurisdiction.

Because lack of personal jurisdiction is not relevant to the legal standard applicable to a motion to quash a subpoena, because jurisdictional basis would be difficult to determine without receiving information from ISPs, because FTV is entitled to conduct jurisdictional discovery, because personal jurisdiction is based on unlawful distribution committed in this district, and because FTV has not yet invoked the Court's jurisdiction over any defendant, the Court should deny defendants' motions to quash.

### III. Doe 168's Argument that Joinder is Improper is Both Irrelevant and Moot

Doe 168 also moves to quash on the grounds of misjoinder. First, discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, and not the quashing of the subpoena. Fed. R. Civ. P. 21. Thus, Doe 168's argument is irrelevant. Second, this Court already addressed issues of joinder by dismissing the complaint without prejudice to a proper amended complaint which names individual defendants, rendering Doe 168's argument moot. (Ct. Minute Order, Oct. 1, 2010). The Court granted FTV's motion for leave to proceed with expedited discovery so the defendants can be properly named and joined only if appropriate. (Ct. Minute Order, Oct. 1, 2010) (cautioning FTV that only similar defendants engaged in joint activity may be named in a single lawsuit). Therefore, Doe 168's Motion to Quash must be denied.

**IV.     The First Amendment Does Not Provide a License for Copyright Infringement**

The First Amendment does not bar disclosure of Doe defendants' identities. Anonymous speech, like speech from identifiable sources, does not enjoy absolute protection. The First Amendment, for example, does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985); *Universal City Studios, Inc. v. Reimerdes*, 82 F. Supp. 2d 211, 220 (S.D.N.Y. 2000) (the "Supreme Court . . . has made it unmistakably clear that the First Amendment does not shield copyright infringement"). Parties may not use the First Amendment to encroach upon the intellectual property rights of others. *See In re Capital Cities/ABC, Inc.*, 918 F.2d 140, 143 (11th Cir. 1990). It is also well established in federal courts that a person using the Internet to distribute or download copyright content without authorization is not entitled to have their identity protected from disclosure under the First Amendment—limited protection afforded such speech is limited and gives way in the face of *a prima facie* showing of copyright infringement. *See Interscope Records v. Does 1–14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008); *see also Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8–9 (D.D.C. 2008) (finding that the 'speech' at issue was that Doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Sony Music Entertainment, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("[D]efendants have little expectation of privacy in downloading and distributing copyrighted songs without permission."); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008); *United States v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), *aff'd*, 225 F.3d 656 (4th Cir. 2000).

Thus, Doe 168's reliance on *Sony Music Entertainment Inc.* as support for a different standard is puzzling, as the court in that case denied the defendant's motion to quash in a case almost identical to the one at present. *See Sony Music Entertainment Inc.*, 326 F. Supp. 2d. at 566. Addressing the defendant's arguments that the First Amendment required the plaintiffs to show a *prima facie* claim of copyright infringement, the court found that the plaintiffs had easily met that burden by alleging (1) "ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue . . ." and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. *Id.* at 565. FTV has made materially identical allegations in the instant case. (*See* Compl. ¶ 3 (alleging that FTV is the "exclusive owner of copyright" at issue); ¶ 17 (alleging that "Defendants, without Plaintiff's authorization or license, intentionally downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's copyrighted creative works and reproduced and distributed the same to hundreds of third parties.").

FTV alleged ownership of the copyrights of creative works at issue in this case sufficiently to satisfy the first element. (*See* Compl. ¶ 3). Doe 168 failed to refute in any way FTV's allegations of ownership. To satisfy the second element, FTV also submitted supporting evidence listing copyrighted works downloaded or distributed by defendants using BitTorrent. (Compl., Ex. A). The list also specifies the date and time at which defendants' infringing activity occurred and the IP address assigned to each defendant at the time. (*Id.*) Under virtually identical facts, other courts have concluded that plaintiffs have sufficiently pled copyright infringement to establish a *prima facie* claim. *See Arista Records, LLC v. Does 1–19*, 551 F.

Supp. 2d at 8–9; *Sony Music Entertainment Inc.*, 326 F. Supp. 2d. at 566; *Achte/Neunte Boll Kino Beteiligungs GMBH & CO. KG, v. Does 1–4,577*, No. 10-453 (RMC), Memorandum Opinion, at *6 n.2 (D.D.C., Sept. 10, 2010).

Doe 168's vague allegations of lack of "sufficient factual or legal basis" are also without merit. This Court already decided that FTV established both when it granted FTV's *ex parte* Motion for Leave to Take Discovery for good cause. (Order, Oct. 1, 2010). Doe essentially urges the Court to revisit the issue the Court already decided almost two months ago. The Court should decline.

To the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment. Accordingly, the Court should deny Doe 168's motion to quash.

## V.   Doe Defendants Should Not be Allowed to Proceed Anonymously Because They Failed to Overcome the Burden of Presumptive Openness of Judicial Proceedings

The Court should deny Doe defendants' attempts to proceed anonymously because they failed to overcome the burden of presumptive openness of judicial proceedings. The Federal Rules of Civil Procedure require that complaints state the names of the parties. Fed. R. Civ. P. 10(a). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Factors for the court to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d at 238.

Because as discussed above in Part I, the individual defendants in this case have no cognizable claim of privacy in their subscriber information, they should not be permitted to proceed anonymously. At least one other federal court came to the same conclusion and ordered John Does who have filed pleadings to file a notice indicating their identity by name, address, phone number, and email address. *Achte/Neunte Boll Kino Beteiligungs GMBH & CO. KG, v. Does 1–4,577*, No. 10-453 (RMC), Order Denying Implied Request to Proceed Anonymously, at

*3 (D.D.C., Sept. 16, 2010). The Court should do the same, and deny John Does to proceed anonymously in light of defendants' minimal expectation of privacy.

## CONCLUSION

Because neither defendant addresses the requirements of a motion to quash, because the personal jurisdiction argument is premature, because the joinder argument is both irrelevant and moot, and because First Amendment does not provide a license for copyright infringement, the Court should deny both motions to quash. In addition, the Court should deny Doe defendants pseudonymous litigation because they failed to overcome the burden of presumptive openness of judicial proceedings.

Respectfully submitted,

First Time Videos, LLC

DATED: December 23, 2010

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-893-5888; Fax 312-893-5604
john@steele-law.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 23, 2010, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                                                s/ John Steele
                                                JOHN STEELE