aEE

FILED

JAN 1 3 2011
JAN 13 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST TIME VIDEO, LLC<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-500,<br><br>Defendants | CASE NO. 10-cv- 6254<br><br>**SPECIAL APPEARANCE AND MOTION TO DISMISS**<br><br>Judge: Hon. Ruben Castillo |

Defendant Doe (name withheld)[1] hereby enters a special appearance and moves to dismiss this action against said Defendant for lack of personal jurisdiction.

For all of the reasons set forth in the Memorandum of Points and Authorities submitted herewith, Defendant respectfully requests that this Court dismiss this action as to said Doe Defendant for lack of personal jurisdiction, and issue an order directing Plaintiff to pay his reasonable fees and costs in this action pursuant to 17 U.S.C. § 505.

Respectfully submitted,

Albert Ettinger (IL Bar # 312045)
53 W. Jackson #1664
Chicago, Il 60604
Tel. (773) 818 4825
Email: ettinger.albert@gmail.com

[1] Defendant Doe is identified in the subpoena issued by Plaintiff to Comcast by reference to the following Internet Protocol ("IP") address: 98.232.188.168, *see* Dec. Doe, Ex. A (filed herewith). Defendant Doe specially appears to dismiss this action for lack of personal jurisdiction, without waiving any jurisdictional issues or defenses in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Doe (name withheld) specially appears in this action for the purpose of moving to dismiss this action at this time for lack of personal jurisdiction as against said Doe Defendant, who is identified for purposes of this motion by reference to the following Internet Protocol ("IP") address: 98.232.188.168. *See* Dec. Doe (filed herewith).

Plaintiff First Time Video, LLC has clearly failed to allege facts sufficient for personal jurisdiction over Doe 98.232.188.168 in its Complaint filed in this action[2] and said Doe Defendant has affirmatively demonstrated, via the declaration filed herewith, that there is no factual or legal basis for personal jurisdiction in the Northern District of Illinois as to said Doe in the present action as a matter of law. *See* Dec. Doe (filed herewith).

In fact, Plaintiff has not met its burden of presenting even a *prima facie* basis in its Complaint for personal jurisdiction in the Northern District of Illinois as to Defendant Doe by this Court. *See e.g. Clemens v. McNamee,* 615 F.3d 374, 378 (10th Cir. 2010) (holding that a plaintiff bears the burden of establishing personal jurisdiction, and must at least make a *prima facie* showing of facts sufficient to establish personal jurisdiction).

[2] On October 1, 2010, this Court dismissed without prejudice the Complaint filed by Plaintiff in this action (Court Doc 10), and Plaintiff has not filed an amended pleading to date.

More specifically, in order for Plaintiff to establish in its pleading that this Court has jurisdiction as to Defendant Doe (as a non-consenting non-resident defendant) in this action, they must assert at minimum: (1) that Defendant Doe has minimum contacts with this forum, and (2) that requiring Defendant Doe to defend its interests in this jurisdiction does not offend traditional notions of fair play and substantial justice. *See e.g. International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-471 (5th Cir. 1985). Plaintiff's Complaint, which has already been dismissed by this Court for jurisdictional defects, and Plaintiff's inappropriate mass-joinder of unrelated Doe Defendants, contains no allegations as to any direct contact between the movant and this jurisdiction

Plaintiff has not alleged any proper basis for this Court to exercise personal jurisdiction as to Defendant Doe, and instead impermissibly attempts to assert jurisdiction by presenting a very generalized allegation suggesting that the "unlawful distribution occurred in every jurisdiction in the United States, including this one." *See* Complaint ¶ 7. However, Plaintiff's theory of asserting general jurisdiction in all jurisdictions for internet related activity has already been squarely rejected by the Seventh Circuit. *See uBud Inc. V. The GoDaddy Group, Inc.*, 623 F.3d 421, 430 (7th Cir. 2010). Therefore, Plaintiff has failed to allege personal jurisdiction as matter of law.

Moreover, Defendant Doe 98.232.188.168 has affirmatively averred, in a sworn Declaration filed herewith, that: (1) he resides in the State of Oregon, *see* Dec. Doe ¶ 3, (2) that at no time has he ever resided in the State of Illinois, nor been employed in the State of Illinois at any time, .*see* Dec. Doe ¶ 4, (3) that he has no normal business or personal contacts with the State of Illinois, nor had any occasion to travel to the State of Illinois for any purpose, *see* Dec. Doe ¶

5, and (4) that he has no knowledge of ever knowingly caused any communications with any persons located in the State of Illinois, other than in having his local Oregon attorney retain an attorney in Chicago, Illinois for the express purpose of his representation in the above captioned action. *See* Dec. Doe ¶ 5.

In the absence of any pleadings by Plaintiff supporting any basis for personal jurisdiction as to Defendant Doe 98.232.188.168 for the copyright claims asserted in this action, Plaintiff has clearly not met their burden for personal jurisdiction as to Defendant Doe. Moreover, based upon the sworn averments by Defendant Doe in the declaration filed herewith, affirmatively establishing a lack of any basis for personal jurisdiction in the Northern District of Illinois for this action, it is clearly appropriate to dismiss Doe Defendant from this action as a matter of law, and to award Defendant his reasonable fees and costs in this matter pursuant to 17 U.S.C. § 505.

Respectfully submitted,

Albert Ettinger (IL Bar # 312045)
53 W. Jackson #1664
Chicago, Il 60604
Tel. (773) 818-4825
Email: ettinger.albert@gmail.com

January 13, 2011

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FIRST TIME VIDEO, LLC<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-500,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 10-cv-06254<br><br><br><br>Judge: Hon. Ruben Castillo |

**DECLARATION OF JOHN DOE 98.232.188.168**

Under penalties so provided by law, the undersigned declares that all statements made of his own knowledge are true; and all statements made on information and belief are believed to be true:

1. I received a letter from my Internet Service Provider, Comcast, dated November 19, 2010, which included a copy of the Order and Subpoena from this Court in the above referenced action, which references, *inter alia*, my IP address: 98.232.188.168. In this letter, Comcast advised me that I would need to file a motion to quash or vacate the Subpoena in the above captioned action by December 10, 2010, or Comcast would release my name, address and other information to Plaintiff First Time Video, LLC.

2. On December 9, 2010, my attorney filed a Motion to Quash on my behalf in the above referenced action, and a copy of said Motion to Quash was also provided to Comcast Cable.

3. My IP address is 98.232.188.168, which is served by Comcast, and which resolves to a physical address located in the State of Oregon, where I reside.

4. I have at no time resided in the State of Illinois, nor have I ever been employed or otherwise worked in the State of Illinois at any time.

5. I have no normal business or personal contacts with the State of Illinois that would be sufficient for the exercise for general or specific jurisdiction over me, nor have I had any occasion to travel to the State of Illinois for any purpose, nor I am aware of having ever knowingly caused any communications with any persons, or other entities, located in the State of Illinois, other than having my local Oregon attorney retain an attorney located in Chicago, Illinois to represent me in the above captioned case.

6. I have at no time undertaken or participated in any unauthorized copyright infringement as alleged against Does 1-500 in the Complaint filed by the Plaintiff in this action, and I have at no time knowingly undertaken any actions associated with any of the other Does listed in the above captioned action in any unauthorized copyright infringement actions.

7. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of January, 2011 in the State of Oregon.

/S / John Doe 98.232.188.168
John Doe 98.232.188.168

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Motion, and Notice of Special Appearance and Motion to Dismiss was filed with the Clerk of Court and served on the parties of record on January 13, 2011 by first class mail sent to:

John Steele
Steele Hansmeier PLLC
161 North Clark Street
Suite 4700
Chicago, IL 60601

Kevin A. Thompson
DAVIS McGRATH LLC
125 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Attorney for John Doe

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802
Pro Se

And was hand- delivered to:

David T. Grisamore
53 W Jackson Blvd., Ste. 1643
Chicago, IL 60604
Attorney for John Doe

Albert Ettinger (IL Bar # 312045)