IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-06254 |
| Plaintiff, | Judge: Hon. Ruben Castillo<br>Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| DOES 1 – 500 | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SHAPIRO'S MOTION TO QUASH** |
| Defendants. | |

Joel Shapiro moved this Court to quash FTV's subpoena. The Court should deny his motion as moot because Movant disclosed the information sought by the subpoena in his motion, because he failed to state proper grounds, and because he has no reasonable expectation of privacy in the subscriber information he already disclosed to his ISP and the public by filing his motion.

## PROCEDURAL HISTORY

Plaintiff First Time Videos, LLC ("FTV") brought this copyright infringement suit against five hundred anonymous Defendants who illegally reproduced and distributed FTV's copyrighted works over the Internet. (Pl.'s Compl., Sept. 29, 2010.) Defendants' actual names are unknown. Instead, each Defendant is known to FTV only by an Internet Protocol ("IP") address, a number assigned to devices connected to the Internet. FTV was granted the Court's permission to take limited discovery to learn the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Oct. 7, 2010.) Shapiro made his pro se motion after the return date of the subpoena that was issued pursuant to the Court's Order. (Mot. to Quash Subpoenas, Nov. 29, 2010, Doc. #13 [hereinafter "Shapiro Mot. to Quash"].) FTV files this Memorandum of Law opposing Shapiro's motion to quash.

## LEGAL STANDARD

A case is moot when it no longer presents a live case or controversy. *See Bd. of Ed. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir.1996). Absent an actual live controversy, a case (or a motion) must be dismissed as nonjusticiable. *Id.*

Grounds upon which a subpoena can be modified or quashed by the court are set forth in Federal Rule of Civil Procedure 45(c)(3). The relevant provision that would allow third parties to timely move this Court to quash is if the subpoena "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(iii).

Movant has the burden of persuasion on a motion to quash. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). Correspondingly, courts will deny motions for failing to state the grounds upon which the court should quash the subpoena. *Carrizales v. Bd. of Educ. of Rockford Sch. Dist., No. 205*, No. 03 C 50459, 2004 WL 2385028, at *2 (N.D. Ill. Oct. 22, 2004) (denying "vague" motion to quash because it did not state proper grounds with the specificity required by the Federal Rules); *see also* 9A Wright & Miller, Fed. Prac. & Proc. § 2459 (collecting cases). Conclusory statements of hardship are not sufficient to carry this burden. *Johnson v. Jung*, 242 F.R.D. 481, 483 (N.D. Ill. 2007).

**ARGUMENT**

The Court should deny Shapiro's motion to quash for three reasons. First, the Court should deny Shapiro's motion as moot because by filing his motion Shapiro disclosed the information sought by the subpoena. Second, Shapiro's motion must be denied because he fails to state proper grounds for quashing the subpoena and therefore does not meet his burden of persuasion. Denial of liability goes to the merits of this case and is not relevant to the issue of whether the subpoena is valid and enforceable. Third, Shapiro does not have an expectation of privacy in his subscriber information as he already have conveyed such information to his ISP.

2

I.  **THE COURT SHOULD DENY SHAPIRO'S MOTION TO QUASH AS MOOT**

By filing his motion to quash on the public record with this Court, Shapiro provided the very information sought by the subpoena—his name, mailing address, and MAC address (listed in the enclosed letter from Charter)—thus rendering his own motion moot. Because this issue no longer presents a live case or controversy, Shapiro's motion must be denied. *See Steven L.*, 89 F.3d at 467.

This is exactly what the court did under the facts very similar to this case, *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577*, No. 10-453 (RMC), 2010 WL 3522256, at *3 (D.D.C. Sept. 10, 2010) (denying motions to quash as moot). There, owner of the copyright of a motion picture brought suit for copyright infringement against individuals who allegedly illegally downloaded and distributed the motion picture over the Internet. *Id.* at *1. Certain individuals moved to quash subpoena issued to Internet Service Providers (ISPs) to discover the actual names of the defendants in the case. *Id.* The court concluded that the motions of people who identified themselves in the motions are now moot because they effectively disclosed the information sought by the subpoena. *Id.* at *3. This Court should do the same. In addition, Shapiro failed to assert proper grounds for quashing the subpoena and thus, failed to meet his burden of proof.

II.  **SHAPIRO FAILED TO ASSERT PROPER GROUNDS FOR QUASHING THE SUBPOENA UNDER THE RULES OF CIVIL PROCEDURE**

Even if Shapiro's motion is not moot, "geographical limitations" and "undue burden on constitutional right to privacy" are not proper grounds upon which a party may challenge a subpoena. Movant bears the burden of persuasion with respect to his motion, and stating proper grounds under the Rules of Civil Procedure for making the motion is a requisite part of meeting that burden. *See Redisi*, 309 F.3d at 993; *Hodgdon*, 245 F.R.D. at 341. Hence, courts will deny

motions for failing to state the grounds upon which the court should quash the subpoena. *See, e.g.*, *Carrizales*, 2004 WL 2385028, at *2 (denying "vague" motion to quash because it did not state proper grounds with the specificity required by the Federal Rules); *see also* 9A Wright & Miller, Fed. Prac. & Proc. § 2459 (collecting cases). Conclusory statements of hardship are not sufficient to carry this burden. *Jung*, 242 F.R.D. at 483.

The exhaustive list of situations where a court is required or permitted to quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Shapiro's only allowable basis for quashing this subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here: this subpoena does not require travel, it does not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with the subpoenaed party. Fed. R. Civ. P. 45(c)(3); *Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (undue burden or inconvenience objections properly lie with the subpoenaed party, and not with the objectors). And, if Movant is making a claim of privilege or protection, then he must make this claim expressly and describe the nature of the information he is withholding. Fed. R. Civ. P. 45(d)(2)(A).

Asserting defenses such as denial of liability is not relevant to the consideration of a motion to quash. *Achte/Neunte*, 2010 WL 3522256, at *3 (denying motion to quash because assertions of defenses go to the merits); *Fonovisa, Inc. v. Does 1–9*, Civ. No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (if the entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

The Court should deny Shapiro's motion to quash because he did not meet his burden of persuasion when he omitted the grounds upon which he is moving to quash the subpoena and did not state the grounds with specificity. *Carrizales*, 2004 WL 2385028, at *2. Shapiro mentions that the subpoena[] "impose[s] an undue burden on [his] constitutional rights to privacy" but does not explain how or why. (*See* Shapiro Mot. to Quash.) Even if liberally construed, this conclusory statement alone is not enough carry Movant's burden. Finally, the assertion that Shapiro lives more than 100 miles from the Court is irrelevant (*id.*), because the subpoena does not compel his presence at a trial, and the objection for insufficient time to respond is not Shapiro's to make (*id.*), but Charter's. *Kessel*, 2002 WL 398506, at *2.

The assertion that someone else may have gained access to Shapiro's router goes to the merits of the case and is not relevant to the issue of whether the subpoena is valid and enforceable. *Achte/Neunte*, 2010 WL 3522256, at *3. In other words, Shapiro may have valid defenses to this suit, but such defenses are not at issue at this stage of the proceedings.

Because Shapiro failed to state proper grounds for quashing a subpoena and meet his burden of persuasion on a motion to quash, his motion must be denied. Even if the Court considers Shapiro's assertion of "privacy" sufficient to meet the pleading requirement of Rule 45(d)(2)(A) for protected information, his motion still must be denied because Shapiro has no reasonable expectation of privacy in the subscriber information he conveyed to a third party.

### III. SHAPIRO'S MOTION MUST BE DENIED BECAUSE HE DOES NOT HAVE AN EXPECTATION OF PRIVACY IN HIS SUBSCRIBER INFORMATION

Even though Shapiro asserts that subpoena imposes undue burden on his "constitutional rights to privacy" (Shapiro Mot. to Quash), courts have found to the contrary. Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information, as they have already conveyed such information to their Internet Service Providers. *See, e.g.*, *Guest*

5

*v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *United States v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *United States v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

As one court aptly pointed out, "if an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world." *In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

Shapiro does not have a reasonable expectation of privacy in the subscriber information he provided to his ISPs, especially since he freely disclosed it on public record with the Court. Accordingly, the Court should deny his motion to quash.

## CONCLUSION

Shapiro's motion should be denied as moot because he disclosed the information sought in the subpoena to the FTV by filing his motion. In addition, Shapiro failed to state proper grounds upon which a motion to quash can be made. Finally, even if the Court finds assertion of "privacy" by Shapiro sufficient to meet specific pleading requirement for protected information, it should still deny Shapiro's motion because Shapiro does not have a reasonable expectation of privacy in his subscriber information.

Respectfully submitted,

FIRST TIME VIDEOS, LLC

**DATED:** February 18, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;   Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 18, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a). Service by first class mail was made to the following:

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802

/s/ John Steele
JOHN STEELE