**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-06254 |
| Plaintiff, | Judge: Hon. Ruben Castillo |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| | **PLAINTIFF'S MEMORANDUM OF LAW** |
| DOES 1 – 500 | **IN OPPOSITION TO DEFENDANT'S** |
| | **MOTION TO QUASH** |
| Defendants. | |

An anonymous individual ("Movant") moved this Court to quash FTV's subpoena for lack of personal jurisdiction. The Court should deny his motion because Movant lacks standing and because a discussion of personal jurisdiction is not germane to the question of whether a nonparty subpoena should be quashed. The Court should also deny Movant costs and fees because he is not a party and has not prevailed.

**PROCEDURAL HISTORY**

Plaintiff First Time Videos, LLC ("FTV") brought this copyright infringement suit against five hundred anonymous Defendants who illegally reproduced and distributed FTV's copyrighted works over the Internet. (Pl.'s Compl., Sept. 29, 2010.) Defendants' actual names are unknown. Instead, each Defendant is known to FTV only by an Internet Protocol ("IP") address, a number assigned to devices connected to the Internet. FTV was granted the Court's permission to take limited discovery to learn the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Oct. 7, 2010.) After receiving notice of a subpoena issued pursuant to the Court's order, Movant asked this Court to quash the subpoena based on lack of personal jurisdiction. (Mot. by John Doe 24.18.103.161 to Quash Subpoena and

1

for Costs and Fees Pursuant to 17 U.S.C. § 505, Jan. 4, 2011, Doc. #25) [hereinafter "Doe 161

Motion"]. FTV files this Memorandum of Law opposing Movant's motion to quash.

## LEGAL STANDARD

Ordinarily a party lacks standing to quash a subpoena issued to a third party unless the

objecting party claims some personal right or privilege with regard to the documents sought.

*Kessel v. Cook County*, No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002); 9A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008)

(collecting cases). This rule has been applied in civil cases, although in criminal cases this Court

has used a broader "legitimate interests" standard to determine whether a third party has standing

to challenge a subpoena. *United States v. Segal*, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003)

(Castillo, J.) (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)).

Only if a party has standing may a court consider the merits of a timely motion to quash.

Federal Rule of Civil Procedure 45 sets forth the grounds upon which a subpoena can be

modified or quashed by the court. Fed. R. Civ. P. 45(c)(3). The relevant provision of Rule

45(c)(3) that would allow third parties to timely move this Court to quash is if the subpoena

"requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(iii).

Movant has the burden of persuasion on a motion to quash. *CSC Holdings, Inc. v.*

*Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Hodgdon v. Northwestern University*, 245 F.R.D. 337,

341 (N.D. Ill. 2007). Correspondingly, courts will deny motions for failing to state the grounds

upon which the court should quash the subpoena. *Carrizales v. Bd. of Educ. of Rockford Sch.*

*Dist., No. 205*, No. 03 C 50459, 2004 WL 2385028, at *2 (N.D. Ill. Oct. 22, 2004) (denying

"vague" motion to quash because it did not state proper grounds with the specificity required by

the Federal Rules); *see also* 9A Wright & Miller, Fed. Prac. & Proc. § 2459 (collecting cases).

Conclusory statements of hardship are not sufficient to carry this burden. *Johnson v. Jung*, 242

F.R.D. 481, 483 (N.D. Ill. 2007).

## ARGUMENT

This brief consists of five parts: the first three discuss the merits of the motion to quash

itself, the fourth addresses Movant's personal jurisdiction argument directly, and the fifth argues

against the award of costs and fees.

Parts I through III show the Court three independent reasons to deny Movant's motion to

quash. First, Movant failed to assert any personal right or privilege in the information sought by

the subpoena, and thus lacks standing to bring his motion. Second, even if the Court finds that

Movant has standing, it should still dismiss his motion because personal jurisdiction is not one of

the grounds permitted by the Federal Rules of Civil Procedure for challenging a subpoena.

Third, the Court is not exercising personal jurisdiction over an anonymous individual by issuing

a subpoena directed to a third party. Personal jurisdiction is an exercise of a court's power which

here is directed towards Comcast, not Movant.

Part IV argues that to the extent the Court is willing to consider Movant's personal

jurisdiction argument, it should deny the motion as premature. A discussion of whether this

Court has personal jurisdiction over Movant is nothing but speculation at this point in litigation,

where the Movant has not been named, served, or made party to this case, and when FTV has not

received sufficient information to catalogue Movant's contacts with this forum.

Finally, Part V contends that the Court should deny Movant prevailing party costs and

fees because he is not a party to this case and has not prevailed.

## I.    MOVANT LACKS STANDING TO BRING A MOTION TO QUASH BECAUSE HE FAILED TO ASSERT A PERSONAL RIGHT OR PRIVILEGE

As a threshold matter, Movant lacks standing to move this Court to quash the Comcast subpoena. Standing is a legal requirement that a party have a sufficient stake in a justiciable controversy to seek relief from a court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because a subpoena directed to a third party does not involve a party to a case, a putative or named party would generally lack standing to move to quash such a subpoena. To gain standing, the party objecting to the subpoena must assert some personal right or privilege with regard to the documents sought. *Orange v. Burge*, No. 04 C 168, 2006 WL 2567786, at *2 (N.D. Ill. Aug. 15, 2006) (no standing where objector failed to assert some personal interest beyond that of a regular citizen); *Kessel*, 2002 WL 398506, at *2 (declining to find standing to seek quashing of the subpoena where the objections properly lay with the subpoenaed party, and not with the objectors); *see also Gripper v. City of Springfield*, No. 04-3215, 2006 WL 1314152, at *2 (C.D. Ill. May 12, 2006) (denying motion to quash because defendant failed to assert some right or privilege with regard to the requested documents from a third party and thus, lacked standing).

Movant made no such assertion of personal right or privilege. (*See* Doe 161 Motion.) Instead, Movant argued that the Court lacks personal jurisdiction (*id.*), which is neither a personal right nor a privilege. Therefore, the Movant lacks standing, and the Court should deny his motion. To the extent that Movant has standing to move this Court, his motion still must be denied: he failed to state proper grounds for quashing the subpoena.

## II.     MOVANT FAILED TO ASSERT PROPER GROUNDS FOR QUASHING THE SUBPOENA UNDER THE RULES OF CIVIL PROCEDURE

Even if Movant has standing, personal jurisdiction is not one of the grounds upon which a party may challenge a subpoena. The grounds for quashing are distinct from standing requirements: standing is a judicially developed doctrine with roots in the Article III of the

Constitution, whereas the grounds for quashing a subpoena are outlined in the Federal Rules of Civil Procedure. The Rules simply do not allow for subpoenas to be challenged on the grounds of lack personal jurisdiction over a party about whom the information is sought.

Movant bears the burden of persuasion with respect to his motion, and under the Rules stating proper grounds for making the motion is a requisite part of meeting that burden. *See Redisi*, 309 F.3d at 993; *Hodgdon*, 245 F.R.D. at 341. Hence, courts will deny motions for failing to state the grounds upon which the court should quash the subpoena. *See, e.g.*, *Carrizales*, 2004 WL 2385028, at *2 (denying "vague" motion to quash because it did not state proper grounds with the specificity required by the Federal Rules); *see also* 9A Wright & Miller, Fed. Prac. & Proc. § 2459 (collecting cases). Conclusory statements of hardship are not sufficient to carry this burden. *Jung*, 242 F.R.D. at 483.

The exhaustive list of situations where a court is required or permitted to quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing this subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here: this subpoena does not require travel, it does not involve trade secrets or disclosure of an unretained expert's opinion, and undue burden or time for compliance objections properly lie with Comcast, not Movant.

The Court should deny Movant's motion to quash because he did not meet his burden of persuasion when he omitted the grounds upon which he is moving to quash the subpoena. Nowhere in Movant's motion does he declare under which section of Rule 45 he is making his motion, or even make vague assertions that the Comcast subpoena involves some privileged or protected matter. (*See* Doe 161 Motion.) Movant does mention that it would be "improper for

Comcast to be required to turn over Movant's identifying information" but does not explain why. (*Id.* at 3.) Even if liberally construed, this conclusory statement alone is not enough carry Movant's burden.

Because Movant failed to state proper grounds for quashing a subpoena, his motion must be denied. His motion must also be denied because the exercise of the Court's power is directed towards Comcast and not Movant.

### III. DISCUSSION OF PERSONAL JURISDICTION IS NOT GERMANE TO A MOTION TO QUASH BECAUSE THE EXERCISE OF COURT'S POWER IS DIRECTED TOWARDS COMCAST, AND NOT THE MOVANT

Movant does not explain how a subpoena directed to a third party is an exercise of the Court's power over him. At most, the issuance of a subpoena is an exercise of the Court's jurisdiction over the entity to whom the subpoena is issued, but not over the person about whom the information is sought.

Movant's motion misses the fundamental difference between an exercise of personal jurisdiction and the subpoena power. The concepts underlying the two powers of the federal court are entirely different. Personal jurisdiction refers to a court's power to bring a person into its adjudicative process. Black's Law Dictionary (9th ed. 2009). In the context of this case, personal jurisdiction is based on conduct that subjects the nonresident to the power of a court to adjudicate its rights and obligations in a legal dispute. *See International Shoe v. Washington*, 326 U.S. 310, 317 (1945). The subpoena power of a court over a nonparty to a lawsuit is based on the power and authority of the court to compel the production of documents by a person or entity. So far, the Court has only exercised its subpoena power to compel production of records from ISPs. FTV has not invoked, and the Court has not exercised, personal jurisdiction over any

6

defendants (or anonymous individuals, such as Movant). The Court should not consider

arguments on personal jurisdiction until it actually exercises its personal jurisdiction power.

One example of when a federal court refused to consider an argument based on lack of

personal jurisdiction is *Webster Industries v. Northwood Doors*, 234 F. Supp. 2d 981 (N.D. Iowa

2002). There, a *named* defendant attempted to make a "special appearance" to contest service of

process and jurisdiction based on an *attempted* service and a letter from plaintiff entitled "Notice

of Intent to File Written Application for Default." *Id.* at 987–88. The court noted that plaintiffs

had not taken any actions invoking court's personal jurisdiction over the defendant, such as

seeking a default judgment. *Id.* at 988. Consequently, the court refused to entertain the merits of

the defendant's motion to dismiss for lack of personal jurisdiction. *Id.*

Similarly here, FTV has not named or served any Defendant or moved this Court to take

any other action over a party. Rather, FTV has merely requested limited discovery from third

party ISPs. If the Court is exercising any jurisdiction here it is over the ISP, not Movant.

**IV.  MOVANT'S MOTION IS PREMATURE BECAUSE HE IS NOT YET A PARTY
TO THIS CASE AND PERSONAL JURISDICTION CANNOT BE PROPERLY
ARGUED AT THIS POINT IN LITIGATION**

To the extent the Court would be willing to consider Movant's personal jurisdiction

argument on a motion to quash, it should still deny Movant's motion because it is simply

premature. First, a minimum contacts analysis does not apply to a nonparty. Since Movant has

not been named or served, he is not yet a party to this proceeding. Second, even though Movant

argues that the subpoena must be quashed because FTV failed to allege personal jurisdiction in

its Complaint, no such pleading requirement exists. Personal jurisdiction is a defense that is

asserted or waived by a defendant, not plaintiff. Third, without identifying information, an

assessment of personal jurisdiction at this point in litigation is nothing but speculation. In order

to properly argue jurisdiction before this Court, FTV needs to at least obtain identifying

information to catalogue interactions between residents of different states and Illinois defendants

in the torrent swarm to be able to show how defendants have directed their infringing activity

towards this forum.  After the identifying information has been obtained, interactions catalogued,

and Movant has been properly named and served, and thus, finally made party to this proceeding,

he can raise the same defense in his answer or by 12(b)(2) motion.  Until then, his motion is

premature.

## A.      Minimum Contacts Analysis Does Not Apply to a Nonparty

Although the Movant plucks memorable quotes from *International Shoe* and *uBid*, he

does not explain how cases that involve named and served defendants are applicable in the

context of a third party subpoena. (*See* Doe 161 Motion.)  In fact, in nearly seventy years since

*International Shoe*, the Supreme Court has never applied the minimum contacts analysis to a

nonparty.  Ryan W. Scott, *Minimum Contacts, No Dog: Evaluating Personal Jurisdiction for*

*Nonparty Discovery*, 88 Minn. L. Rev. 968, 975 (2004).  Since Movant is yet to be named and

served, he is not yet a party to this case, and minimum contacts analysis is inapplicable to him.

Despite the fact that the Federal Rules of Civil Procedure do not explicitly define "party,"

the plain language of multiple provisions suggests that a person is only a party to a case when

that person is at the very least identified and specified by name in the case.  For example, Rule 4

states that a summons must "*name* the court and the parties" and "be directed to the defendant."

Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added).  Rule 17 states that an "action must be

prosecuted in the name of the real party in interest," and Rule 5 contemplates service of papers

on "every party" wherein the general provisions for service contemplate that the party's identity

must be known.  *Id.* 5(b)(2) & 17(a)(1).

8

Courts agree that unserved defendants are not yet "parties" to the action. *Sampson v.*

*Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994);

*accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district

court order adopting the magistrate judge's recommendation to deny the motion to dismiss

because the "defendants, not having been served with process, were not yet parties") (internal

quotation marks omitted); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d

1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought

by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but

as "merely a third-party witness on notice of its potential status as a party defendant").

Movant is an anonymous individual who has not been named or served with process. He

appears in this action because he received a letter from his ISP. (Doe 161 Motion, at 1.) As an

unnamed and unserved individual, Movant is not yet a party in this case, and minimum contacts

analysis is inapplicable to him.

**B.      Plaintiff Does Not Have to Plead Personal Jurisdiction in the Complaint**

Movant is also under the mistaken belief that the Plaintiff must plead personal

jurisdiction in its complaint. (Doe 161 Motion, at 2.) ("[T]he Plaintiff  must plead specific facts .

. . in order to establish jurisdiction."). Movant fails to cite a single case in support of this

proposition, and it is not surprising—it is well-established in all federal courts, including this

one, that personal jurisdiction does not have to be pled. *Blackmore v. Lacosse*, No. 85 C 6325,

1985 WL 5052, at *2 (N.D. Ill. Dec. 17, 1985) ("Although some states, including Illinois, require

plaintiffs to allege in their complaints facts sufficient to support personal jurisdiction over the

defendants . . . such allegations are unnecessary in the federal courts.").

Federal Rule of Civil Procedure 8 sets forth general rules of pleading and it requires a

"short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. (8)(a)(1).

Courts across jurisdictions interpret this rule to refer to subject-matter jurisdiction and not personal jurisdiction. *See, e.g.*, *Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp. 2d 993, 995 (D. Neb. 1998); *Dirks v. Carnival Cruise Lines*, 642 F. Supp. 971, 973 (D. Kan. 1986); 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1206 (3d ed.) (collecting cases).

Despite Movant's belief that the Seventh Circuit established a new pleading standard in *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 430 (7th Cir. 2010), it did not. Movant asserts that "the plaintiff must plead specific facts," follows this proposition with "[s]pecifically, the Seventh Circuit held that," and then cites from the *uBid* opinion. (Doe 161 Motion, at 2, quoting *uBid, Inc.*, 623 F.3d at 431.) Specifically, however, the word "plead" or "pleading" does not appear anywhere in the *uBid* opinion. In fact, the strict holding of the *uBid* case is that the Seventh Circuit reversed the district court's dismissal of a suit for lack of personal jurisdiction on a 12(b)(2) motion and remanded the case for further proceedings consistent with the finding of specific personal jurisdiction.

Far from breaking new ground, the *uBid* case simply affirms what has been well known since *International Shoe*: a defendant's contacts with a forum state may support a finding of specific jurisdiction. The paragraph of the *uBid* opinion cited by Movant appears when the court comments on difficulty of applying the concept of geographical nexus in analyzing the relationship between the plaintiff's claim and the defendant's contacts. *uBid, Inc.*, 623 F.3d at 431. The Seventh Circuit, nonetheless, analyzed other factors and concluded that "the relationship among the defendant, the forum, and the litigation . . . is close enough not to offend due process." *Id.* at 433 (quotations marks and citations omitted).

Unlike in the present case, the defendant in *uBid* was named and served, and personal jurisdiction was properly raised by a Rule 12(b)(2) motion. The *uBid* court had a far more

10

developed record and was able to thoroughly analyze defendant's contacts with the forum state and the relationship of defendant's contacts to the plaintiff's claim. Movant has not been named as a defendant, served, made party to this case, and yet he argues personal jurisdiction on a motion to quash. No record yet exists for this Court to analyze Movant's contacts with this forum or how they relate to FTV's claim. Ongoing discovery from ISPs will allow FTV to show how Movant's infringing activities were directed towards this forum and bring him within the reach of this Court.

**C.      A Basis for Jurisdiction Cannot be Determined with Certainty without Discovery**

Although Movant argues that he does not reside in, or work in, or have "normal business" or "personal contacts" with the State of Illinois (Decl. of John Doe 24.18.103.161), the Court may still have specific personal jurisdiction over Movant. Movant may have specifically directed infringing activities to this district by downloading or uploading FTV's copyrighted work from or to another person located in this district. Because FTV has not yet received all of the identifying information on all of the Doe Defendants, it is difficult to assess properly the existence of personal jurisdiction over any Doe Defendant.

The assessment of personal jurisdiction requires an evaluation of the contacts between the various defendants and the forum state. *See uBID, Inc.*, 623 F.3d at 425. In numerous cases across various jurisdictions, doe defendants and *amici* have raised the same personal jurisdiction argument Movant raises in his motion. In each case, courts rejected the argument as premature, even where doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction. *See, e.g.*, *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004); *Virgin Records America, Inc. v. Does 1–35*, No. Civ. A. 05-1918(CKK), 2006 WL 1028956, at *3 (D.D.C. Apr., 18, 2006) (collecting cases). This Court should do the same.

11

Although Movant intimates, without actually arguing, that he should be put in the same position as a named and served defendant, the Court should not indulge him in this legal fiction. Movant is merely someone on notice about his potential status as a party defendant. In addition, FTV was not obligated to plead personal jurisdiction and instead will establish a basis for personal jurisdiction through discovery of identifying information. The Court should allow FTV to properly name and serve Defendants and catalogue Defendants' contacts with the forum. The parties can then properly argue this issue, instead of merely speculating. Until then, Movant's motion is premature.

Finally, because Movant is not yet a party and has not prevailed, the Court should deny his request for costs and fees.

## V.  THE COURT SHOULD DENY MOVANT COSTS AND FEES BECAUSE HE IS NOT A PARTY AND HAS NOT PREVAILED

Movant seeks an award of attorney's fees and costs pursuant to 17 U.S.C. § 505 if he wins the motion to quash. (Doe 161 Motion, at 3.)  Essentially, Movant wants to have dismissal of the motion as his cake and attorney's fees as his icing, a concept this Court will find familiar. *FASA Corp. v. Playmates Toys, Inc.*, 1 F. Supp. 2d 859, 867 (N.D. Ill. 1998) (Castillo, J.) ("[Defendant] wants to have its close legal victory as its cake and its attorneys' fees as its icing. . . . This Court cannot and will not give [Defendant] its cake and icing too."). Movant argues that the Court should quash the subpoena for the lack of personal jurisdiction. Then, should the Court agree with him, Movant asks the Court to turn around and enter a monetary judgment in his favor, which, ironically, would require the Court to exercise that personal jurisdiction.

The standard for awarding attorney fees and costs in copyright infringement cases is well-established.  Section 505 states: "In any civil action under this title, the court in its

12

discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (1994). The plain language of the statute directs that prevailing plaintiffs and defendants are to be treated alike, "but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

The Seventh Circuit has pointed out that the "Supreme Court has adopted a generous formulation of the term prevailing party; parties are said to have prevailed in litigation for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005) (footnotes and quotation marks omitted) (quoting in part *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Seventh Circuit has indicated that "[a]t a minimum, to be considered a prevailing party . . . [a party] must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.*

Movant cannot meet even this generous standard: First, he has not been named and served, and thus, is not a party. Second, a motion to quash is a nondispositive motion that does not change any legal relationship between FTV and Movant. As to the first reason, Movant failed to cite and FTV's counsel has not found any authority for awarding prevailing party fees and costs before a defendant is even named to a lawsuit or served with process. On the contrary, as discussed above, neither the Federal Rules of Civil Procedure nor the Seventh Circuit consider unserved defendants "parties." *Sampson*, 1994 WL 709278, at *2. As to the second reason, even if the Court grants Movant's motion to quash a subpoena, he would not prevail because Movant's relationship with Plaintiff will remain unchanged. A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a

13

dispositive motion. *Hartford Fire Ins. Co., Inc. v. Transgroup Exp., Inc.*, 09 C 3473, 2009 WL 2916832, at *1 (N.D. Ill. Sept. 1, 2009). The Court here has a copyright infringement case, not a case on whether to enforce administrative subpoenas. Even if the Court grants the motion to quash, it will not resolve the dispute between FTV and Movant.

Because Movant has not even discussed the standard for awarding the fees under 17 U.S.C. § 505, much less argued why the Court should exercise its discretion in his favor, because he is not a party to this case and because he cannot explain how the outcome of a motion to quash to a subpoena would change the legal relationship between Movant and FTV, the Court should deny Movant's request for fees and costs.

### CONCLUSION

Because Movant failed to assert some personal right or privilege with regard to the information sought by the subpoena, he lacks standing to bring motion to quash before this Court. Even if the Court finds that Movant has standing, it should still dismiss Movant's motion because personal jurisdiction is not one of the grounds upon which a motion to quash can be made, because the exercise of court's power is not directed towards the Movant, and because full discussion of personal jurisdiction is premature at this point. Finally, the Court should deny Movant award of costs and fees because he is not a party and has not prevailed.

[Intentionally left blank]

Respectfully submitted,

FIRST TIME VIDEOS, LLC

**DATED:** February 18, 2011

By:   /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;  Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 18, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a). Service by first class mail was made to the following:

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802

/s/ John Steele
JOHN STEELE