**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-06254 |
| Plaintiff, | Judge: Hon. Ruben Castillo |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| | **PLAINTIFF'S MEMORANDUM OF LAW** |
| DOES 1 – 500 | **IN OPPOSITION TO MOVANT'S** |
| | **MOTION TO DISMISS** |
| Defendants. | |

---

An anonymous individual moved this Court to dismiss FTV's action against him for lack of personal jurisdiction. The Court should deny his motion because Movant is not yet a party, because he already raised personal jurisdiction in a prior motion, because FTV has not yet invoked personal jurisdiction over Movant, and because discussion of personal jurisdiction is premature. The Court should also deny Movant's request for costs and fees because he is not a party.

**PROCEDURAL HISTORY**

Plaintiff First Time Videos, LLC ("FTV") brought this copyright infringement suit against five hundred anonymous Defendants who illegally reproduced and distributed FTV's copyrighted works over the Internet. (Pl.'s Compl., Sept. 29, 2010.) Defendants' actual names are unknown. Instead, each Defendant is known to FTV only by an Internet Protocol ("IP") address, a number assigned to devices connected to the Internet. FTV was granted the Court's permission to take limited discovery to learn the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Oct. 7, 2010.) Movant asked this Court to dismiss this action against him based on lack of personal jurisdiction. (Special Appearance and

Mot. to Dismiss, Jan. 13, 2011, Doc. #27) [hereinafter "Mot. to Dismiss #27"]. FTV files this Memorandum of Law opposing Movant's motion to dismiss.

## LEGAL STANDARD

A plaintiff is not required to plead personal jurisdiction in its complaint. *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009) (Castillo, J.) ([A] plaintiff need not anticipate a personal jurisdiction challenge in its complaint."); *Blackmore v. Lacosse*, No. 85 C 6325, 1985 WL 5052, at *2 (N.D. Ill. Dec. 17, 1985) ("Although some states, including Illinois, require plaintiffs to allege in their complaints facts sufficient to support personal jurisdiction over the defendants . . . such allegations are unnecessary in the federal courts.").

When personal jurisdiction is challenged under Rule 12(b)(2), a court must decide whether any material facts are in dispute. *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1351, pp. 226–27 (2d ed. Supp. 2001)). If so, it must hold an evidentiary hearing to resolve the disputes, at which point the party asserting personal jurisdiction must prove what it alleged. *Id.* Until such a hearing takes place, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction. *Id.* In determining whether a *prima facie* case has been established, the court can consider materials such as affidavits, and "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

## ARGUMENT

This brief consists of five parts: the first three discuss procedural issues with the motion to dismiss from a nonparty, the fourth addresses Movant's personal jurisdiction argument

directly, and the fifth argues against the award of costs and fees.  Parts I through III show the Court three independent reasons to deny Movant's motion to dismiss.  First, Movant has not been served with process and therefore, is not a party to this case, and cannot properly move this Court to dismiss.  Second, Movant already made a personal jurisdiction argument in his earlier motion and should not be allowed to raise it again at least until he has been properly served.  Third, the Court has not yet exercised personal jurisdiction over any defendants (or anonymous individuals like the Movant), and should delay the decisions on personal jurisdiction until the time FTV invokes this power of the Court.  Part IV argues that to the extent the Court is willing to consider the Movant's personal jurisdiction argument, it should deny the motion as premature.  Finally, Part V contends the Court should deny Movant costs and fees because he is not a party.

## I.      MOVANT CANNOT MOVE TO DISMISS BECAUSE HE IS NOT YET A PARTY

Movant is an unserved individual and cannot properly move this Court to dismiss an action against him until he has been made party to this case.

Despite the fact that the Federal Rules of Civil Procedure do not explicitly define "party," the plain language of multiple provisions suggests that a person is only a party to a case when that person is at the very least identified and specified by name in the case.  For example, Rule 4 states that a summons must "*name* the court and the parties" and "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) and (B) (emphasis added).  Rule 17 states that an "action must be prosecuted in the name of the real party in interest," and Rule 5 contemplates service of papers on "every party" wherein the general provisions for service contemplate that the party's identity must be known.  *Id.* 5(b)(2) & 17(a)(1).

Courts agree that unserved defendants are not yet "parties" to the action.  *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994);

*accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07cv1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant"). As a result, unserved defendants may not properly move to dismiss. *Chandler v. McKee Foods Corp.*, No. 5:08CV00062, 2009 WL 210858, at *2 (W.D. Va. Jan. 28, 2009) (taking unserved defendant's motion under advisement until he has been served).

Here, Movant is an anonymous individual who has not been named or served with process. Movant appears in this action because he received a letter from his ISP. (Decl. of John Doe 98.232.188.168, at 1.) He may not properly move this Court to dismiss prior to being named and served in this action.

## II. MOVANT ALREADY RAISED PERSONAL JURISDICTION ARGUMENT IN AN EARLIER MOTION AND CANNOT BRING ANOTHER RULE 12 MOTION

The Federal Rules of Civil Procedure allow a defendant only one bite at the apple for a personal jurisdiction defense. Rule 12 generally provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This Movant brought an earlier motion arguing lack of personal jurisdiction. (Special Appearance and Mot. to Quash Subpoena, Dec. 9, 2010, Doc. #16). Personal jurisdiction, however, is not

4

one of the proper grounds upon which a movant may challenge a third party subpoena. Fed. R. Civ. P. 45(c)(3). Thus, even though Movant called it a "Motion to Quash," the substance of his earlier argument was a Rule 12(b)(2) motion. This time, even though Movant does not cite any Rules of Civil Procedure, he once again makes a personal jurisdiction argument in what can only be construed as a Rule 12(b)(2) motion.

The Court should not allow Movant to take two bites at the apple and waste judicial resources by rearguing the same point twice as an anonymous individual. At the very least, the Movant should be named and served before raising the same argument again.

## III. MOVANT'S MOTION IS PREMATURE BECAUSE FTV HAS NOT INVOKED, AND THE COURT HAS NOT EXERCISED, PERSONAL JURISDICTION

Movant does not explain how a subpoena directed to a third party is an exercise of the Court's power over him. At most, the issuance of a subpoena is an exercise of the Court's jurisdiction over the entity to whom the subpoena is issued, but not over the person about whom the information is sought. To date, the Court has only exercised its subpoena power to compel production of records from ISPs. FTV has not invoked, and the Court has not exercised, personal jurisdiction over any defendants or anonymous individuals, such as Movant. The Court should not consider arguments on personal jurisdiction until it actually exercises its personal jurisdiction power.

One example of when a federal court refused to consider an argument based on lack of personal jurisdiction is *Webster Industries v. Northwood Doors*, 234 F. Supp. 2d 981 (N.D. Iowa 2002). There, a *named* defendant attempted to make a "special appearance" to contest service of process and jurisdiction based on an *attempted* service and a letter from plaintiff entitled "Notice of Intent to File Written Application for Default." *Id.* at 987–88. The court noted that plaintiffs had not taken any actions invoking court's personal jurisdiction over the defendant, such as

5

seeking a default judgment.  *Id.* at 988.  Consequently, the court refused to entertain the merits of

the defendant's motion to dismiss for lack of personal jurisdiction.  *Id.*

      Similarly here, FTV has not named or served any Defendant or moved this Court to take

any other action over a party.  Rather, FTV has merely requested limited discovery from third

party ISPs.  If the Court is exercising any jurisdiction here it is over the ISP, not Movant. The

Court should deny Movant's motion as premature.

## IV.     MOVANT'S MOTION IS PREMATURE BECAUSE PERSONAL JURISDICTION CANNOT BE PROPERLY ARGUED AT THIS POINT

      The Court should still deny Movant's motion because argument on personal jurisdiction

is premature at this point in litigation.  The Court should allow discovery to continue before

deciding on motions to dismiss to better develop meager record in this case.  Finally, even if the

Court does not consider Movant's motion premature, FTV has made a *prima facie* showing of

personal jurisdiction.

### A.     Plaintiff Does Not Have to Plead Personal Jurisdiction in the Complaint and Full Consideration of Personal Jurisdiction is Premature

      Movant appears to be under the mistaken belief that the Plaintiff must plead personal

jurisdiction in the complaint.  He asserts that "Plaintiff  . . . has clearly failed to allege facts

sufficient for personal jurisdiction" and that the "Plaintiff has failed to allege personal

jurisdiction as a matter of law." (Mot. to Dismiss #27, at 2, 3.)  Movant fails to cite a single case

that would support that proposition, and it is not surprising—it is well-established in all federal

courts, including this one, that personal jurisdiction does not have to be pled.  *Wendt*, 613 F.

Supp. 2d at 1027; *Blackmore*, 1985 WL 5052, at \*2.  Federal Rule of Civil Procedure 8 sets forth

general rules of pleading and it requires a "short and plain statement of the grounds for the

court's jurisdiction."  Fed. R. Civ. P. (8)(a)(1).  Courts across jurisdictions interpret this rule to

refer to subject-matter jurisdiction and not personal jurisdiction. *See, e.g.*, *Gray v. Lewis & Clark Expeditions, Inc*., 12 F. Supp. 2d 993, 995 (D. Neb. 1998); *Dirks v. Carnival Cruise Lines*, 642 F. Supp. 971, 973 (D. Kan. 1986); 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1206 (3d ed.) (collecting cases).

Not only was FTV under no obligation to plead personal jurisdiction, but at this point in litigation, any discussion of personal jurisdiction is premature. In numerous other cases across various jurisdictions, Doe defendants and *amici* raised the same personal jurisdiction argument Movant raises in his motion. In each case, courts rejected the argument as premature, even where Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction. *See, e.g.*, *Sony Music Entertainment v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004); *Virgin Records America, Inc. v. Does 1–35*, No. Civ. A. 05-1918(CKK), 2006 WL 1028956, at *3 (D.D.C. Apr., 18, 2006) (collecting cases). These rulings that such a motion is "premature" are predicated upon the important fact that a court cannot render any kind of ruling on personal jurisdiction or catalog a defendant's contacts with the relevant jurisdiction before the defendant has actually been named. *See Sony Music Entm't Inc.*, 326 F. Supp. 2d at 567–68 (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

None of the cases cited by Movant address this particular situation or provide even persuasive authority to the contrary: every single one of them involves a named and served defendant. Further, in one of the cases cited by Movant, *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 466 (5th Cir. 1985), the defendant was not only named and served, but the court also issued a preliminary injunction, exercising

personal jurisdiction over the defendant. In another case cited by the Movant (also from the Fifth, not Tenth Circuit, as Movant erroneously asserts), *Clemens v. McNamee*, 615 F.3d 374, 377 (5th Cir. 2010), the defendant was not only named and served, but because the parties had personally known each other for over a decade, they were able present an extensive record for the court to properly analyze defendant's contacts with the forum. Here, the record is meager: the Court knows nothing about Movant except what is asserted in his affidavit.

At least one court concluded that it would be premature to adjudicate personal jurisdiction on such a meager record. *London-Sire Records, Inc. v. Does 1–4*, 542 F. Supp. 2d 153 (D. Mass. 2008), was decided on the facts virtually identical to the instant case. Record companies sued anonymous downloaders for copyright infringement, served subpoenas on ISPs, and several individuals moved to quash subpoenas, with one Jane Doe asserting lack of personal jurisdiction in a motion supported by an affidavit. *Id.* at 157–58, 180. The court denied her motion, concluding that even if all the facts in affidavit are true, such as that she had never lived in the forum state, it is possible that the court properly has personal jurisdiction under the state's long-arm statute. *Id.* at 180–81. The *London-Sire* court concluded it is proper for the discovery to go forward to determine the basis for the jurisdiction. *Id.* This Court should do the same.

**B.      Discovery Should Go Forward to Determine the Basis for Jurisdiction**

This Court has the discretion to allow discovery to determine the basis for personal jurisdiction. *Black & Decker, Inc. v. Shanghai Xing Te Hao Industrial Co., Ltd.*, No. 02-C-4615, 2003 WL 21383325, at *4 (N.D. Ill., June 12, 2003) (giving plaintiff "a chance to probe further" by taking jurisdictional discovery) (citing *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3rd Cir. 1994) (reversing district court after concluding that plaintiff was "entitled to conduct discovery into the jurisdictional facts"); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("Courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's

8

claim is 'clearly frivolous.'")). By entering its Order for Leave to Take Discovery (Ct. Order, Oct. 7, 2010), this Court has done just that—followed well-established precedent to sustain FTV's right to conduct jurisdictional discovery. *See Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) ("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) ("In an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery.").

Although Movant argues that he does not reside in, or work in, or have "normal business" or "personal contacts" with the State of Illinois (Decl. of John Doe 98.232.188.168), this Court, like the *London-Sire* court, may still have specific personal jurisdiction over this individual. Movant may have specifically directed infringing activities to this district by downloading or uploading FTV's copyrighted work with another person based in this district. Because FTV has not yet received all of the identifying information on all of the Doe Defendants, it is difficult to assess properly the existence of personal jurisdiction over any Doe Defendant. The exercise and determination of jurisdiction starts with service of process, which has not taken place yet. *See, e.g.*, *Pearson Educ., Inc. v. Kumar*, 721 F. Supp. 2d 166, 182 (S.D.N.Y. 2010) ("In order for this Court to exercise personal jurisdiction over Defendant . . . there must be an appropriate process of service on [Defendant], providing him with adequate notice of the claim, and an adequate basis for jurisdiction.") (discussing jurisdiction under state's long arm statute in a federal question case).

It is well-established that in federal question cases, due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state or

9

geographic area. *Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 722 (N.D. Ill. 2006) (Castillo, J.). Federal Rule of Civil Procedure 4(k) governs whether a defendant is amenable to service in federal court. Rule 4(k) provides that service is effective to establish jurisdiction over the person of a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," or "when authorized by a statute of the United States." Fed. R. Civ. P. 4(k)(1)(A), (D). In the absence of a federal statutory provision for service, as is the case in an action arising from the Copyright Act, Rule 4(k)(1)(A) and Rule 4(e)(1) limit personal jurisdiction to the forum state's long-arm statute. *Olson*, 461 F. Supp. 2d at 722 (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104–05 (1987)). The Illinois long-arm statute contains a "catch-all" provision that "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions." *Hyatt*, 302 F.3d at 714–15 (citing 735 Ill. Comp. Stat. 5/2-209(c), titled "Act submitting to jurisdiction— Process"). In addition, the statute also allows a court to exercise jurisdiction over individuals who committed a tortious act within the State of Illinois. 735 Ill. Comp. Stat. 5/2-209(a)(2).

FTV could engage into a lengthy discussion of whether sharing files via BitTorrent networks constitutes a tortious act, whether it was committed within the State of Illinois, and whether exercise of jurisdiction over Movant is therefore consistent with the due process requirements of the Illinois long-arm statute. But both the Federal Rules of Civil Procedure and the statute discuss service of process, which has not taken place yet. Without actual service, the Court would be issuing an advisory opinion on whether it would be proper to serve Movant. This, in turn, would violate the general prohibition on advisory opinions as demanded by the cases and controversy requirement of Article III of the United States Constitution. Instead, the

Court should allow FTV to continue its discovery as already authorized by the Court's order, and properly name and serve defendants before engaging into discussions of personal jurisdiction.

**C.    Plaintiff Made a *Prima Facie* Showing of Personal Jurisdiction**

Even if the Court concludes that the discussion of personal jurisdiction is not premature at this point, it should still deny Movant's motion because FTV made a *prima facie* showing of personal jurisdiction.  In general, plaintiff is obligated to make the *prima facie* showing only after a proper challenge by a Rule 12(b)(2) motion or when a personal jurisdiction defense is asserted in an answer.  *See, e.g.*, *Labtest Intern., Inc. v. Centre Testing Intern. Corp.*, No. 10-CV-02897, 2011 WL 382879, at *3 (N.D. Ill. Feb. 1, 2011).  This is not the case here, as the Movant has not been named or served with process yet and cannot properly bring a Rule 12(b)(2) motion before this Court.  Still, FTV alleged sufficient facts in its complaint to make a *prima facie* showing of personal jurisdiction.

A federal court deciding a case on similar facts found the plaintiff has made a *prima facie* showing of personal jurisdiction over an anonymous donwloader of copyrighted music.  *Virgin Records*, 2006 WL 1028956, at *4.  Plaintiffs alleged that defendant, without the permission or consent of plaintiffs, offered to the public—including persons within the court's jurisdiction—plaintiffs' copyrighted sound recordings; in exchange, defendant was able to download recordings made available by others, including persons within the Court's jurisdiction.  *Id.*  Court in *Virgin Records* found these allegations sufficient for a *prima facie* showing.  These allegations are virtually identical to the allegations in FTV's complaint. (*See* Compl. ¶¶ 7, 17, 19, 24).  The defendants offered to the public—including persons in Illinois—via BitTorrent software FTV's copyrighted works; in exchange, defendants were able to download files made available by others, including persons in Illinois.  As a non-moving party, FTV's allegations are to be taken

11

as true: this infringing activity is enough to establish a *prima facie* case for specific personal jurisdiction under the Illinois long-arm statute.

As the Third Circuit has stressed, those transmitting copyrighted works nationwide "can anticipate that infringement may result at places remote" from the place of origin. *Edy Clover Prods., Inc. v. Nat'l Broad. Co.*, 572 F.2d 119, 120 (3d Cir. 1978). Although Movant contends that it is the Plaintiff who must "establish in its pleading" that "requiring Defendant Doe to defend its interests in this jurisdiction does not offend traditional notions of fair play and substantial justice" in addition to a showing of minimum contacts (Mot. to Dismiss #27), this is contrary to controlling case law. *See Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985). Once minimum contacts have been established, the burden shifts to the defendant, who must present a "compelling case" that conducting the litigation in this court would be unfair and unreasonable. *Id.* In determining whether the assertion of jurisdiction is fair and reasonable, the court engages in a balancing of interests. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 115, (1987)). The interests the Court considers are: "(1) the burden on the nonresident defendant of having to defend itself in the forum; (2) the interests of the forum state in the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental social policies." *Id.*

Movant does not make a "compelling case." Movant's motion focuses entirely on FTV's alleged failure to plead properly, and does not elaborate on what burden, if any, Movant will experience when litigating in this forum. (*See* Mot. to Dismiss #27.) And in focusing solely on mythical pleading deficiencies and implying the encumbrance of having to defend himself in the forum, Movant has not met his burden of showing that the assertion of jurisdiction would be

unfair. The Supreme Court has stated that "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum will justify even the serious burdens placed on the alien defendant." *Asahi Metal Indus.*, 480 U.S. at 114–15. Movant does not address the interests of: the forum state in the case; plaintiff's in obtaining relief; the judicial system in the efficient resolution of the controversy; or the state's in furthering fundamental social policies. Litigating in Illinois satisfies FTV's interest in obtaining convenient and effective relief and provides an efficient resolution of the controversy. The exercise of jurisdiction over Movant does not offend traditional notions of fair play and substantial justice.

Further, when personal jurisdiction is challenged, the court must decide whether any material facts are in dispute. *Hyatt*, 302 F.3d at 713. If so, it must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged. *Id.* Here, Movant contends that he did not engage into any "copyright infringement actions." (Decl. of John Doe 98.232.188.168, at 2.) FTV insists that someone at that IP address, if not Movant, then a member of his household, used a computer device to engage in copyright infringement. Because this presents a genuine issue of material fact, as the controlling case law in this Circuit demands, if the Court concludes that Movant's motion is not premature, then the Court should hold an evidentiary hearing on jurisdictional issues.

In conclusion, although the Movant intimates, without actually arguing, that he should be put in the same position as a named and served defendant, the Court should not indulge him in this legal fiction. Movant is merely someone on notice about his potential status as a party defendant. In addition, FTV was not obligated to plead personal jurisdiction even though it did make a *prima facie* showing of personal jurisdiction in its complaint. It will establish further basis for personal jurisdiction through discovery of identifying information. The Court should

13

allow FTV to properly name and serve Defendants and catalogue Defendants' contacts with the forum, or hold an evidentiary hearing to establish a better record. The parties can then properly argue this issue, instead of merely speculating. Until then, Movant's motion is premature.

## V.   THE COURT SHOULD DENY MOVANT COSTS AND FEES BECAUSE HE IS NOT A PARTY AND HAS NOT PREVAILED

Movant seeks an award of attorney's fees and costs pursuant to 17 U.S.C. § 505 if he wins the motion to quash. (Mot. to Dismiss #27, at 4.)

The standard for awarding attorney's fees and costs in copyright infringement cases is well-established. Section 505 states: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (1994). The plain language of the statute directs that prevailing plaintiffs and defendants are to be treated alike, "but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

The Seventh Circuit has pointed out that the "Supreme Court has adopted a generous formulation of the term prevailing party; parties are said to have prevailed in litigation for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005) (footnotes and quotation marks omitted) (quoting in part *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Seventh Circuit has indicated that "[a]t a minimum, to be considered a prevailing party . . . [a party] must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.*

Movant cannot meet even this generous standard: he has not been named and served, and thus, is not a party. He failed to cite and FTV's counsel has not found any authority for

14

awarding prevailing party fees and costs before a defendant is even named to a lawsuit or served with process. On the contrary, as discussed above, neither the Federal Rules nor the Seventh Circuit consider unserved defendants "parties." *Sampson*, 1994 WL 709278, at *2. And even if Movant's motion is granted, FTV could still amend the pleadings to elaborate on the basis of personal jurisdiction, thus not making this a dispositive motion on which Movant can "prevail."

Because Movant is not a party to this case, and has not even discussed the standard for awarding the fees under 17 U.S.C. § 505, much less argued why the Court should exercise its discretion in his favor, the Court should deny Movant's request for fees and costs.

## CONCLUSION

Because Movant has not been served yet, he is not a party, and cannot move this Court to dismiss. He also raised the same personal jurisdiction motion in an earlier motion, and should not be allowed to reargue the same point twice. In addition, Movant's argument is premature because FTV has not invoked, and the Court has not exercised, personal jurisdiction over any defendants. Further, even though FTV was under no obligation to plead personal jurisdiction and defendant's challenge is not properly before the Court, FTV has established a *prima facie* case of personal jurisdiction. Finally, the Court should deny Movant award of costs and fees because he is not a party.

Respectfully submitted,

FIRST TIME VIDEOS, LLC

**DATED:** February 18, 2011

By:     /s/ John Steele
        John Steele (Bar No. 6292158)
        Steele Hansmeier PLLC
        161 N. Clark St.
        Suite 4700
        Chicago, IL 60601
        312-880-9160;   Fax 312-893-5677
        jlsteele@wefightpiracy.com
        *Attorney for Plaintiff*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 18, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a). Service by first class mail was made to the following:

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802

<u>/s/ John Steele</u>
JOHN STEELE