IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-06254 |
| Plaintiff, | Judge: Hon. Ruben Castillo |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| DOES 1 – 500 | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF** *AMICUS CURIAE* **FOR LEAVE TO FILE** |
| Defendants. | |

FTV submits this memorandum of law in opposition to the motion for leave to file an *amicus curiae* brief in support of certain anonymous individuals made by non-party Electronic Frontier Foundation ("EFF"). The brief should be rejected because it is duplicative of another already filed in this case and because none of the circumstances under which it would be appropriate to accept an *amicus* brief are present here. Finally, the Court should deny EFF's request to take judicial notice because a court lacks power to take notice of proceedings unrelated to the current case.

## PROCEDURAL HISTORY

Plaintiff First Time Videos, LLC ("FTV") brought this copyright infringement suit against five hundred anonymous Defendants who illegally reproduced and distributed FTV's copyrighted works over the Internet. (Pl.'s Compl., Sept. 29, 2010.) Defendants' actual names are unknown. Instead, each Defendant is known to FTV only by an Internet Protocol ("IP") address, a number assigned to devices connected to the Internet. FTV was granted the Court's permission to take limited discovery to learn the identities of the anonymous Defendants. (Ct. Order Granting Pl.'s Mot. for Leave to Take Disc., Oct. 7, 2010.)

1

As authorized by the Court's order, FTV issued subpoenas to Internet Service Providers ("ISPs") to identify parties associated with the IP addresses. Various Movants filed motions to quash subpoenas, including Movants associated with IP addresses 173.19.225.147 and 24.18.103.161 through their attorney Kevin A. Thompson (Mot. by John Doe 173.19.225.147 to Quash Subpoena and for Costs and Fees Pursuant to 17 U.S.C. § 505, Dec. 15, 2010, Doc. #18 [hereinafter Mot. to Quash #18]; Mot. by John Doe 24.18.103.161 to Quash Subpoena and for Costs and Fees Pursuant to 17 U.S.C. § 505, Jan. 4, 2011, Doc. #25 [hereinafter Mot. to Quash #25]. Movant associated with IP addresses 75.218.18.78, 75.218.177.4, 69.99.199.104 also filed a motion to quash through his attorney David T. Grisamore (Mot. to Quash Subpoena, Dec. 2, 2010, Doc. #14 [hereinafter Mot. to Quash #14].)

EFF moved to obtain this Court's leave to file as an *amicus curiae* in support of anonymous individuals represented by Thompson. (Mot. for Leave for Electronic Frontier Foundation to File as an *Amici* [sic] *Curiae* in Support of Defendants John Doe 173.19.225.14's [sic] and John Doe 24.18.103.161's Motions to Quash Subpoenas, Jan. 14, 2011, Doc. #31, at 1 [hereinafter Mot. for Leave #31].)[1] EFF also filed a request for this Court to take judicial notice of various court orders from unrelated cases in different jurisdictions. (*Amici* [sic] Curiae the Electronic Frontier Foundation's Request for Judicial Notice in Support of Motion to File as *Amici* [sic] *Curiae* in Support of Defendants John Doe 173.19.225.14's [sic] and John Doe 24.18.103.161's Motions to Quash Subpoenas, Jan. 14, 2011, Doc. #34 [hereinafter Request for Judicial Notice #34].)

## LEGAL STANDARD

---

[1] Although EFF insists it wishes to file in support of an anonymous individual associated with IP address 173.19.225.14, no such individual exists. (Compl., Ex. A.) EFF probably means IP address 173.19.225.147, which is associated with an individual represented by Thompson. FTV will use the correct IP address in this motion.

Whether to allow the filing of an *amicus curiae* brief is a matter of "judicial grace." *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). At the trial level, however, where issues of fact predominate, *amicus* briefs are generally inappropriate. *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (emphasizing that intervention in this manner in a trial court has never been favored in Anglo-American law and that "a district court, a forum whose principal function is resolving issues of fact, should go slow in accepting an *amicus* brief unless it has the joint consent of the parties.").

The well-settled rule in this Circuit is to not grant rote permission to file an *amicus curiae* brief and to never grant permission to file an *amicus curiae* brief that merely duplicates the brief of one of the parties. *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003); *Scheidler*, 223 F.3d at 617; *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063–64 (7th Cir. 1997).

The Seventh Circuit held that it is appropriate to grant permission to file an *amicus* brief only when:

(1) a party is not adequately represented (usually, is not represented at all); or

(2) when the would-be *amicus* has a direct interest in another case, and the case in which he seeks permission to file an *amicus curiae* brief may, by operation of *stare decisis* or *res judicata*, materially affect that interest; or

(3) when the *amicus* has a unique perspective, or information, that can assist the court beyond what the parties are able to do.

*Scheidler*, 223 F.3d at 617. This Court follows the same standard for evaluating "friend of the court" submissions and will deny a motion for leave to file a brief as *amicus curiae* when the circumstances enumerated above are not present. *United Stationers, Inc. v. United States*, 982 F.

3

Supp. 1279, 1288 n.7 (N.D. Ill. 1997); *Leigh*, 535 F. Supp. at 422; *Jones Day v. Blockshopper LLC*, No. 08 CV 4572, 2008 WL 4925644, at *6 (N.D. Ill. Nov. 13, 2008).

## ARGUMENT

The Court should deny EFF's motion for leave to file an *amicus curiae* brief because it does not meet the criteria for a proper *amicus* submission. EFF's brief is duplicative of another attorney's brief already before this Court. In addition, the circumstances under which it would be appropriate to allow an *amicus* submission are not present in this case: the parties are adequately represented by competent counsel, EFF has no direct interest in another case that would be affected by a decision in this one, and it does not have a unique perspective to offer this Court.

**I. THE COURT SHOULD DENY EFF'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF BECAUSE IT IS DUPLICATIVE OF ANOTHER BRIEF ALREADY BEFORE THIS COURT**

The Seventh Circuit held that it is appropriate to deny permission to file an *amicus* brief that essentially duplicates a party's brief. *Voices for Choices*, 339 F.3d at 544 (denying permission to file when the viewpoint of an *amicus* brief did not differ substantially from that of an appellant); *Scheidler*, 223 F.3d at 617; *Ryan*, 125 F.3d at 1063. As Judge Posner noted in *Ryan*: "The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such *amicus* briefs should not be allowed." 125 F.3d at 1063. Judge Posner went as far as to call these briefs "an abuse" because "the term '*amicus curiae*' means friend of the court, not friend of a party." *Id.* The reasons underlying this policy against duplicative briefs are several: judges have heavy caseloads and therefore need to minimize extraneous reading; *amicus* briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; the time and other resources required for the preparation and study

4

of, and response to, *amicus* briefs drive up the cost of litigation. *Voices for Choices*, 339 F.3d at 545.

EFF's brief (attached to its motion for leave to file) falls into the forbidden category. Not only are its viewpoints and arguments duplicative of those raised by a party, it is the exact same bloated brief already submitted to this Court by David T. Grisamore with his motion to quash. (Mot. to Quash #14.) Both briefs raise the same arguments of personal jurisdiction, joinder, and First Amendment rights in virtually identical language; both overlook the fact that this Court already addressed issues of joinder by dismissing the complaint without prejudice four months ago; and both try to persuade this Court to follow a New Jersey state court opinion by calling it "a seminal case" notwithstanding contrary controlling Supreme Court precedent. (*Compare* Mot. to Quash #14 *with* Mot. for Leave #31.)

Further, EFF's brief represents an end run around the Court's rules limiting submissions of oversized briefs. L.R. 7.1 (limiting briefs to 15 pages). And although not binding on the district court, the Rules of Appellate Procedure governing *amicus* briefs limit them to "no more than one-half the maximum length authorized by these rules for a party's principal brief." Fed. R. App. P. 29(d). Here, the two Movants on behalf of whom EFF seeks to file its brief already had an opportunity to present this Court with 30 pages worth of arguments. They exercised that opportunity by submitting briefs through their counsel, Kevin A. Thompson. (Mot. to Quash #18; Mot. to Quash #25). Grisamore's motion is already an inappropriate 19 pages long (Mot. to Quash #14); EFF's brief, if allowed to be submitted, would add another 26 pages of near word-for-word redundant arguments (nearly double the Court's page limit for briefs). This page count does not include attachments and exhibits. EFF is also asking this Court to take "judicial notice"

of other courts' decisions—to the tune of additional 46 pages being added to the reading and analysis burden of the Court and its Clerks. (Request for Judicial Notice #34.)

The Court should deny EFF's motion for leave to file because its proposed brief is duplicative of another attorney's. The Court should also deny EFF's submission because the circumstances surrounding this case do not warrant *amicus* brief filing.

## II. THE COURT SHOULD DENY EFF'S MOTION BECAUSE THE CIRCUMSTANCES UNDER WHICH THE FILING OF AN *AMICUS* BRIEF IS APPROPRIATE ARE NOT PRESENT IN THIS CASE

The Court should follow well-established precedent in this Circuit and deny EFF's motion for leave to file an *amicus* brief because the circumstances under which it would be appropriate to make an *amicus* submission are not present here. The criterion for deciding whether to permit the filing of an *amicus* brief is "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices*, 339 F.3d at 545. The criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be *amicus* has a direct interest in another case that may be materially affected by a decision in this case; or in which the *amicus* has a unique perspective or specific information that can assist the court beyond what the parties can provide. *Id.* None of these circumstances are present here: the parties are adequately represented, EFF has no direct interest in another case that would be affected by a decision in this one, and it does not have a unique perspective to offer this Court.

### A. Parties are Adequately Represented by Competent Counsel

One of the criteria articulated by the Seventh Circuit under which an *amicus* brief submission is proper is if the party is not adequately represented or not represented at all. *Scheidler*, 223 F.3d at 617.

6

Here, EFF wishes to file in support of the Movants associated with IP addresses 173.19.225.147 and 24.18.103.161 who already filed motions to quash through learned counsel. Both Movants are represented by Kevin A. Thompson, a partner in the Chicago law firm of Davis McGrath LLC with 13 years of experience in Intellectual Property law. Thompson is an Order of the Coif graduate of a prestigious local law school, is the current chair of the Chicago Bar Association's Law Practice Management and Technology Committee, and a prolific blog author. Thompson's reviews and recommendations on AVVO, an attorney rating website, reveal that his clients and colleagues think of him as one of the "smartest lawyers" they know, "quite knowledgeable about the subject matter in which he practices," and "one of the best lawyers in [C]hicago." It is difficult to speculate why such an experienced attorney would need someone else to argue for him. Certainly Thompson is not lacking in experience or credentials, and neither EFF or Thompson himself argue his clients are inadequately represented. Therefore, the first grounds for filing an *amicus curiae* brief are not present in this case.

B.    **EFF Has No Direct Interest in Another Case That May be Materially Affected by a Decision in This Case**

The second grounds under which it would be appropriate to file an *amicus* brief are if the would-be *amicus* has a direct interest in another case, and the case in which he seeks permission to file an *amicus curiae* brief may, by operation of *stare decisis* or *res judicata*, materially affect that interest. *Scheidler*, 223 F.3d at 617.

One example of where this Court granted a motion for leave to file as an *amicus* on these grounds comes from *Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258 (N.D. Ill. 2004). In *Chamberlain*, a non-party was allowed to file an *amicus* brief in order to oppose vacating the order construing the validity of a patent because the non-party was also litigating the validity of the same patent against the plaintiff in a declaratory judgment

7

action in another federal district court. *Id.* at *1. The Court concluded that would-be *amicus curiae* was a directly interested party that may have been materially affected by the court's decision under the doctrine of collateral estoppel. *Id.*

Unlike the *amicus* in *Chamberlain*, however, EFF has no direct interest in another case that would be affected by Court's decision in this one. EFF is "a non-profit, member-supported digital civil liberties organization." (Mot. for Leave #31, at 2.) It represents "the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age." EFF did not identify any specific interest in this case beyond these broad proclamations in its Statement of Interest section in the proposed brief. Therefore, the second grounds for filing as an *amicus* are also unavailable to EFF.

C.  **EFF Does Not Offer a Unique Perspective to This Court**

The third and final set of circumstances under which it would be appropriate for the Court to accept an *amicus* submission is when the *amicus* has a unique perspective, or information, that can assist the court beyond what the parties are able to do. *Scheidler*, 223 F.3d at 617.

As discussed above, EFF's proposed *amicus* brief merely duplicates another brief before the Court – a less unique perspective can hardly be imagined. Further, EFF's argument is largely unhelpful to the Court. EFF has consistently demonstrated that is not a "friend of the Court" but rather a "friend" and advocate for anyone using digital technology to violate the rights of copyright owners. According to EFF's own website archiving filings in copyright infringement cases, it has been filing substantially similar briefs with virtually identical arguments on personal jurisdiction, joinder, and the First Amendment for at least the past seven years. *See* Electronic Frontier Foundation, RIAA v. The People Case Archive, http://w2.eff.org/IP/P2P/riaa_archive.php (last accessed Feb. 16, 2011). Because EFF appears to

8

recycle its proposed *amicus* brief, it applies a shotgun approach, citing cases from every jurisdiction and ignoring controlling authority in this Circuit: of the 76 cases cited in its brief, only 9 involve cases from this Circuit. (*See* Mot. for Leave, i–v.) Though some decisions from other courts may be helpful in guiding this Court's analysis, the discussion of non-binding authority should not come at the expense of discussing controlling precedent in this jurisdiction.

As Judge Posner lamented, "[t]he bane of lawyers is prolixity and duplication." *Ryan*, 125 F.3d at 1064. But in this case, the Court does not have to endure it. The Court should not grace EFF with permission to submit a garrulous novella, and should instead exercise its judicial discretion to deny EFF's motion for leave to file as an *amicus curiae*.

### III. Court Lacks Power to Take Judicial Notice of Unrelated Court Proceedings

EFF filed an additional request in conjunction with its *amicus* brief, asking the Court to take judicial notice of numerous court decisions from other jurisdictions in order "to show how courts around the nation have handled issues of jurisdiction, joinder and free speech rights in analogous cases." (Request for Judicial Notice #34, at 2.) This request is premised on a condemnable misstatement of the law and must be denied.

EFF misleads the Court by arguing that the Court can take judicial notice of unrelated court opinions. The controlling case law from this jurisdiction dates back nearly a century and has been reaffirmed time and again by the Seventh Circuit: "It is true that a court will take notice of its own records, but it cannot travel for this purpose out of the record relating to the particular case; it cannot take notice of the proceedings in another case, even between the same parties and in the same court . . . ." *Paridy v. Caterpillar Tractor Co.*, 48 F.2d 166, 168 (7th Cir. 1931). Case law from sister Circuits dates back even further. *Fitzgerald v. Evans*, 49 F. 426, 428 (8th Cir. 1892) ("This court cannot take knowledge, actual or judicial, of what may appear

9

upon the records of the numerous district and circuit courts that are within the boundaries of the eighth judicial circuit."); *In re Manderson*, 51 F. 501, 504–05 (3d Cir. 1892) (concluding that the circuit court of appeals cannot take judicial notice of independent proceedings in the trial court or other courts of the circuit).

The enactment of the Federal Rules of Evidence did not change but merely codified this common law standard. To this day, the controlling law in this Circuit is that a court may take judicial notice of other proceedings only "if the proceedings have a direct relation to matters at issue." *Fletcher v. Menard Correctional Center*, 623 F.3d 1171 (7th Cir. 2010) (taking judicial notice of prior proceedings in a closely related suit involving the same litigant); *Opoka v. I.N.S.*, 94 F.3d 392 (7th Cir. 1996) (taking notice of an appeal in an administrative proceeding by the same litigant on the same immigration-related subject matter). The Seventh Circuit Court of Appeals also warned that the judicial notice "merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Further, as one court explained, even though "a court may take judicial notice of a judicial or administrative proceeding which has a "direct relation to the matters at issue," a court can only take judicial notice of the authenticity and *existence* of a particular order, motion, pleading or judicial proceeding, but not of the *veracity* and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law). *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). One example of how a court took notice of the existence of another court's proceeding but not its findings of fact or conclusions of law is found in *Green v. Warden*, 699 F.2d 364 (7th

Cir. 1983). In *Green*, the Seventh Circuit took judicial notice of an inmate's extensive record of litigation in determining whether to impose an injunction. *Id.* at 369. ("The fact that Green has all but besieged the federal courts for the past several years is indeed a matter of public knowledge, of which we may properly take judicial notice.")

But this is not a purpose for which EFF is seeking to introduce decisions of other courts into this matter. (Request for Judicial Notice #34, at 2.) First, the cases cited by EFF are in no way related to this proceeding and do not involve the same litigants or even the same counsel. Second, far from merely taking notice that other, analogous cases may exist, EFF wants this Court to consider and follow the reasoning of courts in those decisions. (*Id.*) EFF failed to cite and FTV's counsel was not able to locate a single case in any jurisdiction where judicial notice has been used in a manner urged by EFF's counsel, with a court taking notice of completely unrelated court decisions in other jurisdictions. It is not surprising, because this request is blatantly improper.[2] If EFF wishes to show how courts around the nation have handled analogous issues, it must discuss these decisions in its brief—surely 26 pages ought to be enough.

The Court must deny EFF's request to take judicial notice of unrelated court proceedings.

## CONCLUSION

EFF's proposed *amicus* brief is duplicative of another already before this Court. The anonymous individuals in support of whom EFF wishes to file are adequately represented by competent counsel. EFF does not have a direct interest in another case that would be affected by

---

[2] This misstatement of black letter law is so glaring that it raises a question of whether EFF's counsel should have known it was false, and by submitting it to the Court, violated Rules of Conduct before this Tribunal. LR 83.53.3(a)(1) (prohibiting making a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false). With an *amicus* like this, who needs enemies?

Court's decision in this one. And it does not have a unique perspective to offer to this Court. For these reasons, EFF's motion for leave to file as an *amicus curiae* should be denied. Finally, the Court cannot take judicial notice of decisions unrelated to the present case and therefore, should also deny EFF's Request for Judicial Notice.

          Respectfully submitted,

          FIRST TIME VIDEOS, LLC

**DATED:** February 18, 2011

          By: /s/ John Steele
              John Steele (Bar No. 6292158)
              Steele Hansmeier PLLC
              161 N. Clark St.
              Suite 4700
              Chicago, IL 60601
              312-880-9160; Fax 312-893-5677
              jlsteele@wefightpiracy.com
              *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 18, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a). Service by first class mail was made to the following:

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802

                /s/ John Steele
                JOHN STEELE