**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST TIME VIDEOS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:10-cv-06254 |
| | ) | |
| v. | ) | Judge Hon. Ruben Castillo |
| | ) | |
| DOES 1-500 | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## REPLY BRIEF OF ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF MOTION FOR LEAVE TO FILE AS *AMICUS CURIAE*

The Electronic Frontier Foundation ("EFF") submits this Reply in support of its motion for leave to file a brief as *amicus curiae* in the above-captioned case.

## INTRODUCTION

Plaintiff First Time Videos' ("FTV") opposition to EFF's motion misstates the law and the record in this litigation.  With respect to the principal memorandum, while it appears that one of the Does drew upon briefs EFF has filed in other courts and made publicly available on its website, EFF's brief in this case presents substantially different and relevant information (including an expert declaration refuting FTV's jurisdictional arguments) and case law.  Further, while some of the Does in this case may be represented, hundreds of others are not and, therefore, it is appropriate to accept *amicus* views on matters that may affect those unrepresented Does.  Finally, EFF has a unique perspective that is not represented by any party:  for the past year, it has been participating in similar "troll" cases around the country, as an *amicus curiae* or as attorney *ad litem*, seeking to ensure that the due process rights of the Doe defendants in these

cases are respected. EFF offers the Court both experience and information beyond what the parties are able to provide.

With respect to EFF's request for judicial notice of several court decision discussed in its principal brief, neither the Federal Rules nor any case FTV cites support the proposition that a court cannot take judicial notice of relevant court decisions issued in other jurisdictions. Quite the contrary: judges do so all the time, in order to benefit from their brethren's analysis and conclusions. Of course, EFF could also have simply *cited* the decisions in question as persuasive authority. Given that several are unpublished and not easily available, however, for the convenience of the Court EFF used an accepted procedure to submit them into the record.

EFF's motion and request should be granted and its memorandum accepted into the record.

**ARGUMENT**

## I. EFF OFFERS A DISTINCT PERSPECTIVE AND INFORMATION THAT CAN ASSIST THE COURT

Plaintiff's principal objection to EFF's motion is that one of the Does filed a brief that appears to be similar in many respect to EFF's own brief. Plaintiff's Memorandum of Law in Opposition to the Motion of *Amicus Curiae* For Leave to File ("Opp. to Amicus") 4-5 (Docket No. 45). Therefore, Plaintiff contends, EFF has no unique perspective to offer. Plaintiff's contention suggests that it has not read either brief very carefully.

As explained in EFF's motion for leave, EFF has participated as *amicus* in similar cases around the country, raising crucial due process and First Amendment issues. Like any law firm, EFF regularly borrows language and arguments from its submissions in previous cases as appropriate. EFF also posts its briefs on its website, and has no objection to parties borrowing from them in crafting their own pleadings. That is apparently what happened here, which is why EFF's *amicus* brief (Docket No. 31) and a Doe's Motion to Quash (Docket No. 14) share common language and theories.

2

However, EFF's principal brief is different in several crucial respects.  First, contrary to Plaintiff's assertion (Opp. to Amicus 9), EFF's brief cites extensively to case authority from the Seventh Circuit and this district that should be particularly relevant to the Court's consideration. *See, e.g.*, Brief of *Amicus Curiae* Electronic Frontier Foundation In Support of Motion to Quash Subpoena ("Amicus Br.") 4, 9, 10 (Docket No. 31).

Second, EFF's brief discusses several recent decisions in related cases in other jurisdictions.  All over the country, judges have begun to question the propriety of mass copyright cases such as this one.  Indeed, over 40,000 Does have been severed for misjoinder in the past few months alone.  EFF's brief compiles those decisions as of the date of filing.  Since that date, severance orders have been issued in several more mass copyright cases.  *See* Supplemental Req. for Judicial Notice In Support of Mot. for Leave, Ex. A.  The motion to quash filed on December 2, 2010, on behalf one of the 500 Does (Docket No. 14) does not include or reference such authority, which means consideration of that brief to the exclusion of EFF's would deprive the Court of important additional persuasive authority from other courts across the country that have been asked to entertain these novel suits.

Third, EFF's brief includes important factual information that would not otherwise be presented to the Court.  In particular, EFF's brief and related submissions include expert analysis of the only jurisdictional information provided by the Plaintiff, analysis that strongly suggests that the vast majority of Defendants do not reside in this district and that Plaintiff has failed to meet its burden of establishing jurisdiction. *See* Amicus Br. 5-6 (citing Declaration of Seth Schoen, Docket No. 33).

Finally, EFF's experience with similar mass copyright lawsuits around the country allows it to explain how this case fits within a broader context, which should be considered before any further discovery is permitted. While EFF takes no position on the merits of the actual copyright claims in these cases, EFF is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit.  Therefore, EFF has participated as *amicus* in a number of recent

cases involving mass copyright lawsuits against Doe defendants across the country. *See e.g.,*
*Third World Media, LLC v. Does 1-1243,* No. 3:10-cv-00090 (N.D. W. Va. Nov. 23, 2010)
(Docket No. 34); *West Bay One v. Does 1,653,* No. 1:10-cv-00481 (D.D.C. June 2, 2010)
(Docket No. 13); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co Kg v. Does 4,577,* No 1:10-
cv-00453 (D.D.C. June 7, 2010) (Docket No. 26). In addition, EFF attorneys were appointed by
one court to serve as *attorneys ad litem* for the Doe defendants for purposes of responding to a
motion for early discovery. *Mick Haig Prods. v. Does 1-670,* No: 3:10-cv-01900-N (N.D. Tex.
Oct. 25, 2010), (Docket No. 4). Outside the courtroom, EFF offers resources for the many Does
in these cases who are seeking counsel and trying to understand the nature of the litigation in
which they have become embroiled,[1] and has played a leading role in advising the public of the
latest developments in these cases.[2] In short, EFF has been deeply involved in these cases almost
from their inception, which allows it in turn to offer the Court a unique perspective as well as the
aforementioned information.

　　　　EFF's motion should be granted on this ground alone.

## II.　　THE MAJORITY OF DOE DEFENDANTS ARE NOT ADEQUATELY REPRESENTED

　　　　As Plaintiff itself notes, inadequate party representation is an additional basis for
considering whether *amicus* participation is appropriate. Opp. to Amicus 6 (citing *Nat'l Org. for
Women v. Scheidler,* 223 F.3d 615, 617 (7th Cir. 2000)). In this case, while some Does may be
represented by competent counsel, it is overwhelmingly likely that hundreds of others are not;

---

[1] For example, EFF's website includes pages regarding subpoena defense resources and mass
copyright litigation. *Subpoena Defense Resources,* ELECTRONIC FRONTIER FOUNDATION,
https://www.eff.org/issues/file-sharing/subpoena-defense (last visited March 3, 2009); Copyright
Trolls, ELECTRONIC FRONTIER FOUNDATION, https://www.eff.org/issues/copyright-trolls (last
visited March 3, 2009).

[2] *See, e.g.,* Greg Sandoval, *EFF's Cohn Fights Copyright's "Underbelly,"* CNET (Oct. 19,
2010), http://news.cnet.com/8301-31001_3-20020028-261.html; Amanda Becker, *New District
Law Group Tackles Movie File-sharing,* THE WASHINGTON POST (June 14, 2010),
http://www.washingtonpost.com/wp-
dyn/content/article/2010/06/11/AR2010061105738.html?hpid=topnews.

indeed, many Does may not yet be aware that their information is being sought in connection with this case. Moreover, even once identified many of the Doe defendants will be reluctant to mount a defense, either because they cannot afford to retain counsel or because they are fearful about being publicly-named in connection with a copyright lawsuit arising from alleged infringement of pornographic works. As a result, these Does may be unfairly pressured into settling despite significant procedural and substantive flaws in the cases against them. EFF's participation will help level the playing field, and ensure that the Court receives adequate information and argument even though the majority of the parties have not yet appeared in the litigation.

### III.     EFF'S REQUEST FOR JUDICIAL NOTICE IS PROPER

Plaintiff's claim that the court cannot take judicial notice of decisions in similar mass infringement cases is, of course, nonsense. Such decisions are obviously a matter of public record. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (a district court may take judicial notice of matters of public record); 21B Charles Alan Wright & Kenneth W. Graham, *Federal Practice & Procedure* § 5106.4 (2d ed. 2011) ("[F]ederal courts notice the records of any court, state or federal. . . . Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact."); *see also* 2 Kenneth Broun, *McCormick on Evidence* § 335 (6th Ed. 2011) (as to domestic law generally, the judge is not merely permitted to take judicial notice but required to do so).

Indeed, as even Plaintiff concedes, it is well-settled that federal courts may take judicial notice of proceedings in other courts, both within and without federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g., Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("[I]t is a well-settled principle that the decision of another court or agency . . . is a proper subject of judicial notice."). Here, EFF has asked the Court to take notice of decisions in closely analogous litigation. Specifically, the plaintiffs in the cases in question brought

copyright infringement claims against numerous Does at once, joining the Does together on the theory that they had all used file-sharing software (usually BitTorrent) to download and/or upload a copyrighted work, or group of works. EFF has asked the Court to take notice of rulings in those cases, which are also discussed in EFF's brief, so that the Court may benefit from the efforts of its brethren to manage the onslaught of mass copyright litigation. EFF's request is neither unusual nor controversial.

Indeed, Plaintiff offers no legitimate legal basis for refusing EFF's request. *Paridy v. Caterpillar Tractor Co.,* 48 F.2d 166 (7th Cir. 1931), *Fitzgerald v. Evans*, 49 F. 426 (8th Cir. 1892), and *In re Manderson,* 51 F. 501 (3d Cir. 1892) predate FRE 201 decades and follow reasoning that has been superseded by the Federal Rules of Evidence. 21B Wright & Graham, *Federal Practice & Procedure* § 5106.4 ("Whatever the federal common law may have been, since the enactment of Rule 201 federal courts notice the records of any court, state or federal."). Plaintiff's remaining cases merely affirm a principle that is not in question: that courts can and should take judicial notice of matters of public record such as relevant court decisions (*see, e.g. Opoka*, 94 F.3d at 394) and, in particular, may take notice of proceedings in other courts where such proceedings relate to the matters at issue. 21B Wright & Graham, *Federal Practice & Procedure* § 5106.4 [3]

The legal decisions to be noticed are matters of public record and directly relevant to the legal issues raised in this case. Although they are available via the federal PACER service, EFF has submitted them as Exhibits to its Request for Judicial Notice for the Court's convenience. Plaintiff cannot reasonably insist that the Court should nonetheless devote scarce judicial

---

[3] Plaintiff misreads *U.S. v. Southern Edison*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004), to suggest that a court may not take notice of another judge's order; in that case, the court merely affirmed that a court may not take judicial notice of the veracity of another court's findings of fact, disputed facts and/or the parties' underlying arguments; *see id*., (*citing, inter alia, Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take notice of another court's opinion, but not of the truth of the facts recited therein).) EFF has not asked the Court to take judicial notice of any court's findings of fact, the veracity of underlying arguments made by parties, etc., and there is no dispute as to the contents of the Orders submitted.

resources to independently downloading these public, but largely unpublished, authorities.

## CONCLUSION

For the above reasons, EFF's motion for leave to file as *amicus curiae*, and its request for judicial notice should be granted.

Dated: March 4, 2011

Respectfully submitted,

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.
cmudd@muddlawoffices.com
ARDC #: 6257957
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
Phone: 773.588.5410
Fax: 773.588.5440

Corynne McSherry
corynne@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Phone: 415.436.9333 x122
Fax: 415.436.9993