IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC | CASE NO. 10-cv-06254 |
| Plaintiff, | Judge: Hon. Ruben Castillo |
| | Magistrate Judge: Hon. Michael T. Mason |
| v. | |
| DOES 1 – 500 | **PLAINTIFF'S MOTION FOR SANCTIONS UNDER INHERENT POWER OF THIS COURT** |
| Defendants. | |

Plaintiff First Time Videos ("FTV") files this motion after reviewing a reply brief filed today by Kevin A. Thompson. Attorney Thompson's characterization of a decision in an unrelated case is blatantly incorrect, misleading to this Court, and made in bad faith. Although FTV's counsel conferred with Thompson and discussed the actual holding of the case in detail, Thompson persists in his mischaracterization. FTV asks this Court to exercise its inherent power to strike the discussion of *CP Productions* case from Thompson's motion and impose other sanctions as it sees appropriate for this abuse of the judicial process.

**PROCEDURAL HISTORY**

After receiving notice of a subpoena issued pursuant to the Court's order, two anonymous Movants represented by Kevin A. Thompson asked this Court to quash the subpoenas based on lack of personal jurisdiction. (Mot. by John Doe 173.19.225.147, Dec. 15, 2010, Doc. #18; Mot. by John Doe 24.18.103.161, Jan. 4, 2011, Doc. #25.) FTV filed two memoranda of law opposing Movant's motion to quash. (Doc. #42 and #43, Feb. 18, 2011.) The Movants replied. (Reply by John Does 173.19.225.147 and 24.18.103.161, Mar. 4, 2011, Doc. #61.) [hereinafter Thompson Mot. #61] FTV files this motion for sanctions based on assertions made by attorney Kevin A. Thompson in his reply brief.

1

**LEGAL STANDARD**

This Court has an inherent power to fashion an appropriate sanction for conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Whereas other sanctioning mechanisms based on statute or rules reach only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. *Id.* at 46. The Supreme Court has stressed that "the inherent power must continue to exist to fill in the interstices." *Id.* But the Court's prior cases also have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct. *Id.*

**ARGUMENT**

The Court should exercise its inherent power to strike portions of Kevin Thompson's reply brief discussing *CP Productions* case because Thompson mischaracterized the holding of the case in a way designed to mislead this Court. FTV is without other remedy: a Rule 12(f) motion to strike applies only to pleadings, not motions, and a Rule 11 motion requires a 21 day waiting period during which the Court may issue a decision based on erroneous statements of law. Fed. R. Civ. P. 12(f); *id.* 11(c)(2).

Attorney Kevin Thompson asserts that "Judge Shadur recently ruled on February 24, 2011 in favor of the Defendant Does and dismissed that case for several reasons, including the lack of personal jurisdiction over the defendants." (Thompson Mot. #61, Mar. 4, 2011, at 4, citing *CP Productions v. Does 1–300*, 10-CV-06255, Memorandum Opinion and Order (N.D. Ill. Feb. 24, 2011.)) Thompson mischaracterizes this as a "holding" of the case. (*Id.*) This could not be further from the truth.

None of the issues that are before this Court, including issues of personal jurisdiction, were presented, briefed or argued to the court in the *CP Productions* case and the judge never issued a decision on them. *See CP Productions* docket and the associated motions and rulings.

2

Judge Shadur dismissed the case on February 7th solely for Plaintiff's failure to serve Defendants within 120 days under Rule 4(m). (CP Doc. # 26.) No other matters were pending before the court. Plaintiff immediately moved for reconsideration, and argued the appropriate "good cause" standard and explained its reasons for the delays in service. (CP Doc. #28.) Three days later, the judge continued the motion and scheduled a status hearing in April. (CP Doc. #30.) Then on February 24, the judge decided, *sua sponte*, to vacate its earlier ruling and issued a ruling denying Plaintiff's motion to reconsider. (CP Doc. #32.) The arguments in the *pro se* motion referenced by the judge in dicta in his February 24 Order were never noticed for presentment under Local Rules, were not put to plaintiff for a response, or decided on by the court. (CP Doc. #32.)

   Attorney Thompson makes a number of misrepresentations. Attorney Thompson's claim (Thompson Mot. #61, at 4) that the complaint was dismissed on February 24 is not true. (CP Doc. #26.) Attorney Thompson's claim that the *CP Productions* case was dismissed for any reason other than FRCP Rule 4(m) is not true. (*Id.*) It is difficult to imagine how Attorney Thompson could interpret, "This Court complies with the mandate of Rule 4(m) by dismissing this action without prejudice against all defendants" to mean, "This Court dismisses this action for lack of personal jurisdiction." (*Compare id. with* Thompson Mot. #61 at 4.)

   Thompson's actions are in bad faith because this Court only has limited time to review other judge's dockets and the Order enclosed as an exhibit to Thompson's motion does not explain the tangled procedural history that lead to the ruling. In the absence of context, quoting dicta from the Order on the Rule 4(m) motion is misleading. After reviewing Thompson's reply, FTV's counsel conferred with Thompson over the phone, reviewed the entire docket and the procedural history of the *CP Productions* case with him, and Judge Shadur's ruling on plaintiff's

Motion to Reconsider. FTV's counsel urged Thompson to correct his mischaracterizations by withdrawing his statements regarding the *CP Productions* case. Thompson, however, persists in misleading this Court. Indeed, Thompson pushes "this Court [to] follow Judge Shadur's lead and carefully consider the personal jurisdiction [issue]" (Thompson Mot. #61, at 5) even though the *CP Productions* court never decided that issue. This attempt to mislead the Court is an abuse of judicial process and the Court should exercise its inherent power to strike the all references to the *CP Productions* case from Thompson's reply brief.

## CONCLUSION

This Court has inherent power to fashion a sanction for abuse of judicial process, including for abuses which do not fall within the framework created by the Rules of Civil Procedure. The Court should exercise that power to strike portions of the Thompson's reply brief related *to CP Productions* case because they misstate the law in a way that is misleading to the Court, and were made in bad faith and impose any other sanctions it deems fit.

Respectfully submitted,

FIRST TIME VIDEOS, LLC

**DATED:** March 4, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 4, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a). Service by first class mail was made to the following:

Joel Shapiro
250 W. Ocean Blvd. # 1615
Long Beach, CA 90802

                                               /s/ John Steele
                                               JOHN STEELE