IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| First Time Videos, LLC | ] | Case No. 10-CV-06254 |
| | ] | |
| v. | ] | Judge Castillo |
| | ] | |
| Does 1-500 | ] | Magistrate Judge Mason |

**RESPONSE TO MOTION FOR SANCTIONS**

Attorney Kevin A. Thompson hereby responds to the Motion for Sanctions filed by First Time Videos, LLC and its attorney, John L. Steele [Docket ID 64]. Concurrently with this Response, Attorney Thompson is filing an amended version of the reply brief, entitled AMENDED REPLY BY JOHN DOES 173.19.225.147 AND 24.18.103.161 IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR COSTS AND FEES PURSUANT TO 17 USC §505. We request that the Court substitute this version of the Reply Brief for that which was filed on March 4, 2011.

Any mischaracterization of the decision in the related *CP Productions* case in the original reply brief by Attorney Thompson was inadvertent and not intentional. Further, the statements in Attorney Thompson's brief do not warrant sanctions under the Court's inherent powers. The squabble is over Attorney Thompson's characterization of certain statements of Judge Shadur as a holding, when upon closer reading it is better characterized as dicta. The distinction is not always clear, and the language used by Judge Shadur might be read in a way that would excuse Attorney Thompson's overstatement. On Page 2 of Judge Shadur's ruling, he stated:"It is unnecessary to set out all the reasons that dismissal of this action is the proper course—a few of the principal difficulties will suffice." He immediately follows that sentence with the statement that "Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist…" Is that a "holding"? It

1

appears to be one of the "reasons that dismissal of this action is the proper course." This is bolstered in the very next paragraph, when Judge Shadur states "As if those things were not enough to call for dismissal (and they are)…" This sentence clearly contemplates Judge Shadur's discussion of jurisdiction in the prior paragraph of the ruling. In light of these statements, the line between dicta and holding in the order is not as bright as Attorney Steele suggests, and certainly does not warrant sanctions.

The fact that Judge Shadur's comments may be dicta do not eliminate their importance. "The importance of dicta lies in their use as indicators of how the court believes the law should be applied in future applications." J. George, *Judicial Opinions Writing Handbook*, p. 352 (Hein, 2007). Judge Shadur is renown on matters of federal civil procedure and his comments, even if dicta, warrant careful consideration.

Further, in his Motion Attorney Steele himself mischaracterizes the facts regarding Attorney Thompson's efforts to resolve this situation. After receiving a phone call from Attorney Steele on March 4, 2011, Attorney Thompson reviewed the *CP Productions* decision and discovered his error. Attorney Thompson then called Attorney Steele back with an offer to file a revised brief and read some proposed revised language to him over the telephone. Attorney Thompson then sent the proposed language by email as well. Attorneys Thompson and Steele further corresponded by email, which ended with a request by Attorney Thompson for Attorney Steele to respond with other proposed language. Attorney Thompson was surprised to discover that instead of responding, Attorney Steele had filed the present Motion for Sanctions instead. As discussed above, Attorney Thompson was trying to work with Attorney Steele to resolve this situation directly and promptly upon discovering his error. So, we object to the mischaracterization of Attorney Thompson's response to this situation.

Instead of striking the discussion of the CP Productions case from the Reply Brief, we request that the Court accept the Amended Reply Brief in its place, in its entirety. Any prejudice from the

improper citation would thereby be corrected, and would make the Motion for Sanctions moot. Attorney Thompson regrets any inconvenience this error has caused all parties.

                                               Respectfully submitted,

                                               KEVIN A. THOMPSON

                                               By: /s/ Kevin A. Thompson
                                               Attorney of Record for John Does
                                                 173.19.225.147 and 24.18.103.161

Kevin A. Thompson
DAVIS MCGRATH LLC
125 S. Wacker, Suite 1700
Chicago, Illinois 60606
(312) 332-3033 (T)
(312) 332-6376 (F)
kthompson@davismcgrath.com

## Certificate of Service

     I hereby certify that the foregoing RESPONSE TO MOTION FOR SANCTIONS was filed with the Clerk of Court using the ECF system on March 9, 2011 and thereby served on all counsel of record.

                                               By: /s/ Kevin A. Thompson
                                               Attorney of Record