CTT                                      #39907                                    13739

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FIRST TIME VIDEOS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:10-cv-06254 |
| | ) | |
| v. | ) | Judge Castillo |
| | ) | |
| DOES 1-500 | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT JOHN DOE'S (173.74.16.219) MOTION TO QUASH SUBPOENA AND MOTION FOR FEES AND COSTS PURSUANT TO 17 U.S.C. § 505.

Defendant John Doe, IP Number 173.74.16.219, ("Defendant"), by and through his attorneys, McVEY & PARSKY, LLC, moves the Court to quash the subpoena served on Verizon Online to disclose Defendant's identity on the grounds of lack of personal jurisdiction, improper joinder, and failure to satisfy First Amendment requirements. In support of his motion, Defendant states as follows:

1.     On October 25, 2010, Plaintiff, First Time Videos, LLC ("Plaintiff") issued a subpoena on Verizon Online, Defendant's Internet Service Provider, to determine the names, addresses, phone numbers, and e-mail addresses associated with Internet Protocol (IP) addresses that allegedly infringed upon Plaintiff's copyrights.

2.     Defendant incorporates by reference herein pp. 1-27 of the Brief of Amicus Curiae Electronic Frontier Foundation in Support of Motion to Quash Subpoena, filed on January 14, 2011. Specifically:

a.     Plaintiff has not met its burden showing that the Court has personal jurisdiction over Defendant. To meet this burden, Plaintiff has to plead the factual basis underlying the claim, as opposed to making legal conclusions and merely reciting personal jurisdiction requirements.[1] Defendant is not domiciled in this jurisdiction, nor does he have the requisite "minimum contacts" to support personal jurisdiction in Illinois.[2] Plaintiff's theory that the "acts occurred in every jurisdiction in the United States, including this one"[3] is invalid to the extent that it suggests a "national jurisdiction" for Internet use.[4] Without, at the very least, a prima facie case for personal jurisdiction, the Court cannot authorize discovery.[5]

b.     Additionally, Plaintiff improperly joined Defendant with 499 Doe Defendants. Under Rule 20, joinder is appropriate only when: (1) the "right to relief is asserted against [multiple defendants] jointly, severally, or in the alternative"; (2) the claim aris[es] out of the same transaction, occurrence, or series of transactions or occurrences"; *and* (3) there is a "question of law or fact common to all defendants."[6]  District courts in this Circuit have not found proper joinder when joinder is based solely on defendants infringing the same intellectual property.[7] In this case, Plaintiff did not even allege that Defendant and the other Does infringed the same movie. Using a similar method to commit allegedly illegal activity is not a proper basis for joinder.[8] Additionally, even if the requirements of Rule 20 were met, Rule 21 gives the Court has broad discretion to refuse joinder in order to protect fundamental fairness, which the Court

---

[1] *See uBID, Inc. v. The GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010).
[2] *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Milliken v. Meyer*, 311 U.S. 457, 463-65 (1940).
[3] Complaint ¶ 7, *First Time Videos, LLC v. Does 1-500*, Case No.: 1-10-cv-06254 (Sept. 29, 2010).
[4] *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004).
[5] *Cent. States, Se. and Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877 (7th Cir. 2006).
[6] FED. R. CIV. P. 20.
[7] *ThermaPure, Inc. v. Temp Air, Inc.*, No. 10-CV-4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2002) ("Courts in this district . . . have consistently held that Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark.").
[8] *See Nassau Cnty. Ass'n of Ins. Agents v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974).

should exercise here due to the lack of personal jurisdiction and failure to meet the First Amendment requirements.[9]

      c.    Finally, Plaintiff did not satisfy First Amendment requirements to identify anonymous speakers. First Amendment protection includes speech and association with video-sharing websites.[10] This is true even if it allegedly results in copyright infringements.[11] The constitutional right to remain anonymous is a qualified privilege, so the Court must balance Defendant's right to anonymous speech with Plaintiff's legitimate need to bring a claim.[12] Plaintiff has not met the requirements under *Dendrite Int'l, Inc. v. Doe No. 3* in order to obtain the identity of anonymous speakers.[13] Specifically, Plaintiff only pleaded conclusory allegations against all the defendants, as opposed to *specific* evidence for *each* defendant. Even if the procedural portions of the *Dendrite* test were met, the Court must still balance Defendant's constitutional right against the strength of Plaintiff's case and the necessity of disclosure.[14] Because of the lack of personal jurisdiction and the improper joinder, the Court should not allow Plaintiff to ignore the procedural protections of the *Dendrite* test and obtain identity disclosure.

      3.    Therefore, Defendant respectfully requests the Court to quash the subpoena served on Verizon Online to disclose Defendant's identity.

      4.    Defendant respectfully requests an award of attorneys' fees pursuant to 17 U.S.C. § 505. When awarding these costs, courts should consider "several nonexclusive factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations

---

[9] *See Intercom Research Assocs., Ltd. V. Dresser Indus., Inc.*, 696 F.2d 53, 57-58 (7th Cir. 1982) (citing *Desert Empire Bank v. Ins. Co. of. N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).
[10] *Reno v. ACLU*, 521 U.S. 844, 870 (1997).
[11] *See Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).
[12] *See Doe v. Cahill*, 884 A.2d 451, 456 (Del. 2005).
[13] *See Dendrite Int'l, Inc. v. Doe No 3*, 775 A.2d 756, 760-61 (N.J. App. 2001) (adopting a four-prong test to protect anonymous speech).
[14] *Id.*

of compensation and deterrence."[15] Given Plaintiff's apparent misuse of the judicial system to

threaten a large judgment and encourage anonymous defendants to settle,[16] Defendant moves to

recover costs and reasonable attorney's fees.

Respectfully Submitted,

John Doe, IP Number 173.74.16.219

Dated: March 28, 2011

By: /s/ Colleen T. Tierney_____
Colleen T. Tierney
Illinois Bar 6290916

MCVEY & PARSKY, LLC.
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Attorney No. 6290916

---

[15] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n. 19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).
[16] *See* Brief of Amicus Curiae Electronic Frontier Foundation in Support of Motion to Quash Subpoena at 1, 23-24, *First Time Videos, LLC v. Does 1-500*, Case No.: 1-10-cv-06254 (Jan. 14, 2011).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Jay Paul Deratany
The Deratany Firm
221 North La Salle Street
#2200
Chicago, IL 60601
(312)857-7285
jaypaulderatany@aol.com
Attorney for Does 1-500

Albert Ettinger
53 W. Jackson
Suite 1664
Chicago, IL 60604
773-818-4825
ettinger.albert@gmail.com
Attorney for John Doe 98.232.188.168

David Thaddeus Grisamore
Law Offices of David T. Grisamore
53 W. Jackson
Suite 1643
Chicago, IL 60604
(312)913-3448
dgriz67@sbcglobal.net
Attorney for 173.78.78.231 John Doe

Charles Lee Mudd, Jr
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, IL 60618
(773) 588-5410
cmudd@muddlawoffices.com
Attorney for Electronic Frontier Foundation

2

Mark Anthony Petrolis
Mudd Law Offices
3114 West Irving Park Road
#1w
Chicago, IL 60618
(773) 588-5410
mpetrolis@muddlawoffices.com
Attorney for Electronic Frontier Foundation

Theodore T. Scudder, III
Law Office of Sidney Ezra
55 West Wacker Drive
9th Floor
Chicago, IL 60601
(312)404-3738
(312)357-8889 (fax)
theodorescudder@att.net
Attorney for John Doe 24.10.155.152

John Steele
Steele Hansmeier PLLC
161 North Clark Street
Suite 4700
Chicago, IL 60601
(312) 880 - 9160
jlsteele@wefightpiracy.com
Attorney for First Time Videos LLC

Kevin Andrew Thompson
Davis, Mannix & McGrath
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 332-3033
kthompson@davismcgrath.com
Attorney for John Doe 173.19.225.147

David A. Wheeler
Greenberg Traurig, LLP
77 W. Wacker Drive
Suite 3100
Chicago, IL 60601
(312) 456-8400
wheelerd@gtlaw.com
Attorney for Doe No. 68.104.66.184

3

McVEY & PARSKY, LLC
Attorney for Defendant
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Tel: (312) 551-2130
Fax: (312) 551-2131

By: /s/ Colleen T. Tierney
      Colleen T. Tierney
      Illinois Bar #6290916